**HELVERING, Com'r of Internal Revenue, v. SUFFOLK CO., Limited.**

**No. 4451.**

Circuit Court of Appeals, Fourth Circuit.

June 12, 1939.

L. W. Post, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for petitioner.

Richard H. Wilmer, of Washington, D. C. (Thomas F. Boyle, William D. Whitney, and Joseph C. White, all of New York City, on the brief), for respondent.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

SOPER, Circuit Judge.

This petition for review requires an interpretation of section 119 of the Revenue Act of 1932, 47 Stat. 169, 208, 26 U. S.C.A. § 119, relating to income from sources within and sources without the United States, so that the taxable income of the Suffolk Company, Ltd., a corporation organized under the laws of Newfoundland, from sources within the United States in the tax year of 1933 may be determined.

On February 19, 1932, pursuant to a plan of reorganization, the taxpayer exchanged its entire capital stock for substantially all of the assets of Blair & Company, Inc., a New York corporation which had been previously dissolved. The plan involved the transfer to the taxpayer in 1932 of all right, title and interest of Blair & Company in any refund from the City of New York for taxes imposed on moneyed capital coming into competition with national banks and paid by Blair & Company in 1923, 1924 and 1925 in the sums of $150,000, $150,000 and $180,000 respectively. Of these amounts $53,226.88 had been previously refunded; and on June 15, 1932 the taxpayer received from the City of New York $426,773.12 as the balance of the refund due, disbursing $45,009.40 for legal fees and expenses in obtaining it. The Commissioner added $381,763.72, the net sum recovered, to the taxpayer's taxable income, but upon review the Board of Tax Appeals overruled the Commissioner's action, holding that the amount in question did not come within the scope of section 119 of the Revenue Act of 1932 and therefore was not taxable.

Section 22 of the 1932 Act, 26 U.S.C. A. § 22, falls within the General Provisions of the Act, and defines gross income in broad terms to include income from the transaction of any business carried on for gain or profit, and income derived from any source whatever.

Section 4 of the Act, 26 U.S.C.A. § 4, lists special classes of taxpayers, including foreign corporations, and provides that the application of the General Provisions and Supplements (A) to (D), inclusive, of the Act to the special classes of taxpayers, shall be subject to the exceptions and provisions found in the Supplement applicable to each class.

Supplement I, section 231(a), 26 U.S. C.A. § 231(a), relating to foreign corporations, provides that in case of such a corporation, gross income includes only the gross income from sources within the United States.

Section 119 falls within the scope of Supplement B and is headed "Income from sources within United States". It lists in subsection (a) (1) to (5) certain items of gross income from sources within the United States, and in subsection (b) defines the net income therefrom. It also lists in subsection (c) (1) to (5) certain items of gross income from sources without the United States, and in subsection (d) defines the net income therefrom. None of the items specified in subsections (a) to (d) inclusive, include the sort of payment involved in the pending case. The controversy turns upon the interpretation of subsection (e)* which the Commissioner contends is broad enough to include the refund of taxes received by the taxpayer.

We are in accord with this contention. It will be observed that subsection (e) expressly refers in the opening sentence to items of gross income other than those specified in the preceding subsections (a) and (c) and requires that they be allocated or apportioned to sources within or without the United States under rules and regulations prescribed by the Commissioner with the approval of the Secretary. It is manifest that Congress intended by this language to cover items of income other than those specifically mentioned in the previous subsections. The duty is imposed upon the Commissioner, with the approval of the Secretary, to regulate the allocation or apportionment of such other income to sources within and without the United States; and the income from sources within the United States after the deduction of expenses and losses as the sentences of the subsection immediately following shows, is to be classed as net income from sources within the United States. Such income of a foreign corporation is covered by section 231(a).

There is also provision in subsection (e) for the treatment of income from sources partly within and partly without

---

* "(e) Income from sources partly within and partly without United States. Items of gross income, expenses, losses and deductions, other than those specified in subsections (a) and (c) of this section, shall be allocated or apportioned to sources within or without the United States, under rules and regulations prescribed by the Commissioner with the approval of the Secretary. Where items of gross income are separately allocated to sources within the United States, there shall be deducted (for the purpose of computing the net income therefrom) the expenses, losses, and other deductions properly apportioned or allocated thereto and a ratable part of other expenses, losses, or other deductions which cannot definitely be allocated to some item or class of gross income. The remainder, if any, shall be included in full as net income from sources within the United States. In the case of gross income derived from sources partly within and partly without the United States, the net income may first be computed by deducting the expenses, losses, or other deductions apportioned or allocated thereto and a ratable part of any expenses, losses, or other deductions which cannot definitely be allocated to some items or class of gross income; and the portion of such net income attributable to sources within the United States may be determined by processes or formulas of general apportionment prescribed by the Commissioner with the approval of the Secretary. Gains, profits, and income from—

"(1) transportation or other services rendered partly within and partly without the United States, or

"(2) from the sale of personal property produced (in whole or in part) by the taxpayer within and sold without the United States, or produced (in whole or in part) by the taxpayer without and sold within the United States, shall be treated as derived partly from sources within and partly from sources without the United States. Gains, profits, and income derived from the purchase of personal property within and its sale without the United States or from the purchase of personal property without and its sale within the United States, shall be treated as derived entirely from sources within the country in which sold, except that gains, profits, and income derived from the purchase of personal property within the United States and its sale within a possession of the United States or from the purchase of personal property within a possession of the United States and its sale within the United States shall be treated as derived partly from sources within and partly from sources without the United States."

the United States, with specific mention of income from transportation or other services rendered partly within and partly without the United States, and income from the sale of personal property produced within and sold without the United States, or produced without and sold within the United States, which income is to be treated as derived partly from sources within and partly from sources without the country. Specific reference also is made to income from the purchase of personal property within and its sale without the United States or vice versa, which income is to be treated as derived entirely from sources within the country in which it is sold, excepting, however, personal property purchased within the United States and sold within a possession of the United States, and vice versa.

The taxpayer contends that the tax refund in the pending case is not taxable because it is not covered by any of the items specifically mentioned in subsection (e), such as transportation and other service rendered partly within and partly without the United States; but in our view the comprehensive language in the earlier part of the section manifests an intention to include in taxable income all income derived from sources within the United States. It is noteworthy that section 119 (a) (5) specifically provides for income from the sale of real property located in the United States, and section 119(e) contains various provisions relating to the sale of personal property produced or purchased within and sold without the United States, or produced or purchased without and sold within the United States, but makes no reference to income from personal property purchased within the United States and sold within the United States. It is unlikely that Congress intended not to tax income from a transaction of this sort. The general definition of gross income included within section 22 of the Act is very broad, as we have pointed out, and should be borne in mind in interpreting the modification thereof in section 119, Supplement B and section 231 (a) in Supplement I, which govern the taxation of the income of foreign corporations.

We are therefore unable to follow the reasoning of the Board in N. V. Koninklijke, etc., Lloyd v. Com'r, 34 B.T.A. 830, upon which its decision in the pending case is based. The cited decision seems to be at variance with the prior decision of the Board in Hubert De Stuers v. Com'r, 26 B.T.A. 201 where the Board, speaking of section 217 of the 1926 Act, 44 Stat. 30, which corresponds to section 119 of the 1932 Act, made the following statement (26 B.T.A. pages 205, 206):

"Counsel for the petitioner argues, irrespective of statutory exemption, that the profits arising from these transactions are not taxable to the petitioner under the provisions of section 217 (a) of the Revenue Act of 1926, which defines income from sources within the United States, but does not include profits such as arose in this case. However, the provisions of section 217(a) are not an all inclusive definition of income from sources within the United States for the purpose of determining the net income of nonresident alien individuals. This is apparent from section 217 (e), which provides that items of gross income, other than those specified in subdivision (a), shall be allocated or apportioned to sources within or without the United States, under rules and regulations prescribed by the Commissioner with the approval of the Secretary. Subdivision (e) contains also some specific provisions in regard to gains from the purchase and sale of personal property. When section 217 is read as a whole and the rules and regulations prescribed by the Commissioner with the approval of the Secretary considered, articles 324 and 328 of Regulations 69, it is apparent that the profit from the transactions in question in this case must be considered to be income from sources within the United States."

We conclude that the tax refund received by the taxpayer in the pending case during the year 1933 is taxable since it falls within the description of income derived from sources within the United States contained in section 119(e) of the Act.

The Board found it unnecessary, in view of its conclusions, to pass upon the question whether the refund of the tax was income in the year 1932 under section 22 (a). It does not appear that this aspect of the case was considered by the parties during the taking of the testimony or in the hearing before the Board. It seems desirable, therefore, both parties to the case concurring, that the case be returned to the Board for the consideration of this question. The order of the Board

508

will therefore be reversed and the case remanded for further proceedings.

Reversed and remanded.