**HELVERING, Com'r of Internal Revenue, v. BOEKMAN.**

**No. 34.**

Circuit Court of Appeals, Second Circuit.

Nov. 6, 1939.

Sewall Key, Acting Asst. Atty. Gen., and L. W. Post, Sp. Asst. to Atty. Gen., for petitioner.

George S. Hills, of Bartlesville, Okl., for respondent.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge.

The question in this appeal is whether the taxpayer, a Dutchman, was properly assessed under § 119 of the Revenue Act of 1928, 26 U.S.C.A. § 119, upon income from sources within the United States, received during the year 1931. He was a produce and commodity broker, doing business in Amsterdam and Hamburg, in partnership with one, Cardozo; he was also a member of two American produce exchanges. Until the period in question it had been his practice to take orders from customers in Europe and cable them to brokers, who were also members of these two exchanges. These brokers executed the orders, and the taxpayer would thereupon either pay them, or collect from them, and account to his customers, whom he charged full broker's commissions. His profits arose from the fact that, since he was a member of the exchanges where the orders were executed, the brokers charged him only half commissions, leaving the

other half as his. (The Board found without objection this half gave rise to the taxable income.) During the period in question he established an American firm of the same name, through which he carried on part of the business. The change consisted, however, merely in employing a clerk, who had a desk in the quarters of an American broker; the orders were cabled to this clerk, who decoded them, selected the exchange broker to execute them, and sent them forward to him. The brokers, so selected, cleared the transaction as before; that is, they remitted directly to the taxpayer the proceeds of a sale, or collected from him those of a purchase. The question is whether any part of the half-commissions which the taxpayer retained were income from "sources within the United States". The Board said "no", and expunged the deficiency: the Commissioner appealed.

■ There are two conceivable interpretations for § 119(a) (3): either that it only covers cases where the compensation pays for local services; or, that it includes also those where the compensation pays for both local and foreign services. The second possibility is not excluded *à priori,* for it would be possible to apportion the compensation between the two services; but § 119 (e) forecloses it because of the fifth sentence: "Gains, profits and income from—(1) transportation or other services rendered partly within and partly without the United States, * * * shall be treated as derived partly from sources within and partly from sources without the United States." This language was certainly intended to meet cases where local and foreign services were both performed for a single compensation. Two questions arise: first, are the services taxed under this sentence limited to those of the same kind as "transportation", under the canon, *ejusdem generis;* and second, are they limited to the same "services", as are taxed under § 119 (a) (3), that is, to "personal services"? As to the first, it is inconceivable that, after taxing all kinds of local "personal services", Congress should have meant to exempt similar services because they chanced to be lumped for payment with foreign. As to the second, it is possible that "other services" included services that were not "personal", like transportation itself. If so, § 119 (e) would comprehend, besides "personal services", performed partly within and

partly without the United States, all other services wherever performed; it would be generally comprehensive. It is true that in Helvering v. Suffolk Co., 104 F.2d 505, the Fourth Circuit held that § 119 (a) was not an exclusive enumeration of all taxable items, but the court did not rely upon § 119 (e) for that result. So to construe that subdivision would certainly mar the apparent pattern adopted for the section as a whole, and would disregard its caption; and, without deciding the point, we shall assume that taxable services performed, partly within and partly without the United States, must be "personal", just as they must be under § 119 (a) (3). That is, *arguendo* we shall assume that there may be untaxed services, performed partly within and partly without the United States, and untaxed services, performed wholly within the United States. In that view it becomes necessary to decide whether the services here performed were "personal"; the taxpayer says that they were not because he did not perform them himself; the Commissioner, that they were none the less "personal" because the clerk performed them as the taxpayer's agent, provided they would have been "personal", had he done them himself. It seems to us that the second view must be the right one: it can hardly be that when an alien employs agents in this country to do things from which he collects a profit, Congress intended him to escape, though it meant to tax him, if he came here to do them himself. The income, *de facto,* certainly comes from local activities which are carried on for the benefit of the alien; and "the natural aim of Congress would be to reach it." Helvering v. Stockholms, etc., Bank, 293 U.S. 84, 89, 55 S.Ct. 50, 52, 79 L.Ed. 211. If, as we are assuming *arguendo,* there are untaxed "services" which are not "personal", it is their character that determines them, and not the fact that the taxpayer performs them in person. Since the services at bar were "personal" in their nature under any definition of that word they were taxable, and they should have been apportioned under Art. 674 of Regulations 74, which was promulgated to implement § 119 (e).

■ We do not understand that the taxpayer complains of the penalty imposed, assuming that he was under any duty to file a return at all. In any case it is clear that he may not do so: § 291 of the Reve-

nue Act of 1928, 26 U.S.C.A. § 291, does indeed exempt a tardy taxpayer from the penalty, but only in case he has filed some return. When he has not, the penalty is inexorably imposed. Article 1211, Regulations 74. Obviously the return filed by the Commissioner himself is not a compliance with the statute.

Order reversed; cause remanded.