## LAUGHLIN'S ESTATE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 11686.

Circuit Court of Appeals, Ninth Circuit.

April 30, 1948.

Joseph D. Brady and Walter L. Nossaman, both of Los Angeles, Cal., for petitioner.

Theron Lamar Caudle, Asst. Atty. Gen., Sewall Key, George A. Stinson, Robert M. Weston and Irving I. Axelrod, Sp. Assts. to Atty. Gen., for respondent.

Before MATHEWS, BONE and ORR, Circuit Judges.

ORR, Circuit Judge.

This is a petition for review of a decision of the Tax Court determining a deficiency in petitioner's income tax in the amount of $7,747.89 for the year 1942. The facts have been stipulated and may be summarized as follows:

On April 1, 1924, Homer Laughlin and his then wife, Ada Laughlin, entered into a property settlement agreement which was later incorporated into a final decree of divorce. The agreement provided that Homer Laughlin, or his estate, should Ada Laughlin survive him, would pay to said Ada Laughlin for her natural life the sum of $800 a month for support and maintenance, to be reduced to $300 a month should Ada Laughlin remarry, a contingency which has not occurred. Homer Laughlin had no substantial community property at the time of the agreement or of the divorce, his holdings having been acquired from his father by gift or inheritance. Homer Laughlin died December 27, 1932. His estate paid to Ada Laughlin the sum of $9,600 during the year 1942, pursuant to the agreement of April 1, 1924, and the divorce decree.

The estate of Homer Laughlin claimed said sum of $9,600 as a deduction in its income tax return for said year of 1942. The deduction was disallowed by the Commissioner. Homer Laughlin, if living, would be entitled to deduct said payment under § 23(u) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 23(u).

The Government's position, as we understand it, is as follows: That § 23(u) of the Internal Revenue Code, grants to a husband the right to deduct from his taxable income those payments made under a decree of divorce or separation which are in the nature of alimony, that is, payments for support and maintenance; that Homer Laughlin's obligation to support his wife ceased at common law and in accordance with the law of California, with his death; and, therefore, payments made by his estate were not in discharge of his legal obligation of support but were in discharge of contract obligations. Hence, the Government concludes, the sum paid Ada Laughlin by the estate was in discharge of an ordinary debt of the estate, and was no more entitled to be deducted for income tax purposes than other debts paid by the estate.

■ We do not agree. We think the deduction here claimed is clearly authorized. Section 22(k) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 22(k), provides for the inclusion in the gross income of a divorced or legally separated wife of periodic payments received from her husband "in discharge of, a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce * * *". Section 23(u) provides that those payments referred to in § 22(k) may be deducted from the taxable income of the husband. It will be noted that the text of the statute makes no reference to "alimony" as such, nor to payments for support or maintenance, but seems to encompass all payments made under a decree of divorce or separation in discharge of a legal obligation imposed under a decree of divorce because of the marital relationship. Section 23(u) applies only during the husband's lifetime. In the instant case we think it is clear that the payments made by the estate were in discharge of the legal obligation imposed under a decree of divorce because of the marital relationship. It is, however, necessary to consider §§ 162(b) and 171(b) to determine whether the deduction may be taken by the estate subsequent to the husband's death.

Section 162(b) provides that there shall be allowed to an "estate or trust" a deduction of the amount of income to be currently distributed to the legatees, heirs, or beneficiaries, and the amount so allowed as a deduction to the estate or trust shall be included in computing the net income of said legatees, heirs or beneficiaries. It is therefore necessary to determine whether Ada Laughlin is a beneficiary within the meaning of § 162(b). We find the answer in § 171(b), which reads, in part: "For the purposes of computing the net income of the estate or trust and the net income of the wife described in section 22(k) or subsection (a) of this section, such wife shall be considered as the beneficiary specified in this supplement * * *".

■ Therefore, § 162(b) clearly contemplates a deduction by an estate of the periodic payments made to a wife as described in § 22(k). We must assume that

Congress used the term "estate" in its ordinary sense and in the sense in which it is used in the Internal Revenue Code. A living husband can have no estate. If the Government's position were followed, an estate could never take the kind of deduction here involved, since the Government's position is premised on the proposition that only those payments in discharge of the common law obligation of support can be deducted, and such an obligation ceases upon the death of the husband. Such a construction would nullify those provisions of §§ 162(b) and 171(b) of the Internal Revenue Code which provide that an estate may deduct payments made to a wife described in § 22(k).

Our conclusion that the estate may take the deduction in question is entirely consistent with § 29.22(k)-1(a) of Regulation 111.[1]

Counsel for the Government conceded on oral argument that it is immaterial that the agreement between Homer and Ada Laughlin failed to require the $9,600 to be paid out of income. Where the amount paid, credited or to be distributed can be paid, credited or distributed out of either income or corpus, it shall be · considered as income of the estate or trust "if the aggregate of such amounts so paid, credited, or to be distributed does not exceed the distributable income of the trust or estate for its taxable year * * *". § 162(d) (1) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 162(d) (1); 29.22(k)-1(a) of Regulation 111. In the instant case, the distributable income of the estate, after all other deductions, was substantially in excess of the $9,600 paid Ada

Laughlin. The estate is entitled to deduct said payments from its taxable income.

The Government maintains that the deduction here sought is barred by § 162(e) of the Internal Revenue Code which reads as follows: "Amounts allowable under section 812(b) as a deduction in computing the net estate of a decedent shall not be allowed as a deduction under section 23, except subsection (w), in computing the net income of the estate unless there is filed, within the time and in the manner and form prescribed by the Commissioner, a statement that the items have not been claimed or allowed as deductions under section 812(b), and a waiver of the right to have such items allowed at any time as deductions under section 812(b)."

Petitioner seeks a deduction not under § 23 but under § 162(b). Moreover, § 162 (e) was enacted in 1942, approximately ten years after the death of Homer Laughlin. Obviously Homer Laughlin's estate could not in 1932 file the waiver referred to in § 162(e). Section 162(e) was intended to be applied prospectively.

█ The final contention of the Government is that petitioner has already received the benefit of an estate tax deduction for the commuted value of its obligation to Ada Laughlin, and that double deductions should not be allowed. It appears that petitioner was precluded from enjoying a substantial estate tax benefit largely because of the action of the Commissioner. However that may be, we cannot ignore the clear mandate of the statute allowing the income tax deduction here claimed.

Reversed.

---

[1] § 29.22(k)-1(a), in part: "Periodic payments are includible in the wife's income under section 22(k) only for the taxable year in which received by her. As to such amounts, the wife is to be treated as if she makes her income tax returns on the cash receipts and disbursements basis, regardless of whether she normally makes such returns on the accrual basis. However, if the periodic payments described in section 22(k) are to be made by an estate or trust, such periodic payments are to be included in the wife's taxable year in which they are includible according to the rules as to income of estates and trusts provided in sections 162, 164 and 171(b), whether or not such payments are made out of the income of such estates or trusts."