## FAIRBANKS v. COMMISSIONER OF INTERNAL REVENUE.
### No. 12752.

United States Court of Appeals Ninth Circuit.

Sept. 10, 1951.

Rehearing Denied Nov. 19, 1951.

Charles A. Christin and Wallace W. Scales, San Francisco, Cal., for petitioner.

Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, Helen Goodner, John J. Kelley, Jr., and Hilbert P. Zarky, Sp. Assts. to the Atty. Gen., for respondent.

Before HEALY and POPE, Circuit Judges, and FEE, District Judge.

JAMES ALGER FEE, District Judge.

Petitioner was married to Frederick C. Fairbanks. On November 26, 1938, she was granted a divorce, and has not remarried. Fairbanks died May 22, 1940, and his will was probated in Indiana. Before the divorce, an agreement was entered into settling property rights, whereby petitioner was to be paid monthly payments of $1250, secured by certain stock in a newspaper company. The District Court of Nevada, in the decree of divorce, approved the settlement agreement, but reserved jurisdiction to increase or decrease the

amount of the monthly payments provided for by the agreement.

Subsequently, Fairbanks put into trust his property, including the shares of stock above mentioned, burdened with the obligation to petitioner. After Fairbanks' death, petitioner filed a claim against the estate. Another agreement was entered into between the executors and the petitioner, whereby a method of determining the amounts of the monthly payments was settled.

Petitioner received from this source $13,500.00 in 1942 and $14,813.13 in 1943, which she did not include in her returns. The Commissioner held the amounts taxable. The Tax Court, upon review, held against petitioner.

It is claimed these amounts are not income (1) under the Sixteenth Amendment, or (2) under the statutes, and, in any event, (3) are not taxable until petitioner has received payments from the fund up to $104,027.76.

■ The Sixteenth Amendment conferred no power upon Congress to tax incomes from any source. In fact, none was needed, since Congress had that power. This amendment did, however, relieve Congress of the necessity of apportionment [1] among the states of income taxes which would be direct taxes, such as taxes on real or personal property based on the ownership thereof.

The question was one of legislative intent. Now that Congress has specifically taxed such payments as income to the wife, that question is no longer arguable. This Court is not impressed with arguments advanced as to hardship.

■ There is one major question in the case. Congress has provided that alimony or property settlement payments incurred by the husband under decree of divorce shall be taxable to the wife. This feature falls within the rubric of the general statute for taxation of "gross income". The claim of petitioner is that the section taxing such payments is beyond the power of Congress. The Sixteenth Amendment broadened the authority to tax without apportionment by including "incomes from whatever source derived." As to amounts received as alimony. "It is income to spend, to live on, to save." [2] While the matter has not been authoritatively adjudicated, validity of the legislation has been postulated by each court which has dealt with the question. [3] By the opinion of this Court in Laughlin's Estate v. Commissioner of Internal Revenue, 167 F.2d 828, it was held that, in construction of the same section here involved, the estate of a husband could legally deduct from net income payments of alimony to the wife. It is impossible to conclude from this decision that this Court intended to permit a diminution of the tax on the estate of the husband without sanctioning a corresponding liability of the wife. We construe the cases cited by petitioner, Audubon v. Shufeldt, 181 U.S. 575, 577, 21 S.Ct. 735, 45 L.Ed. 1009; Gould v. Gould, 245 U.S. 151, 153, 38 S.Ct. 53, 62 L.Ed. 211; Douglas v. Willcuts, 296 U.S. 1, 56 S.Ct. 59, 80 L.Ed. 3; Helvering v. Fitch, 309 U.S. 149, 151, 60 S.Ct. 427, 84 L.Ed. 665, as constructions of the statutes passed by Congress in the light of the history of alimony and not as limitations upon the legislative power under the Constitution.

But the present statute provides that the tax upon the income shall fall upon the ultimate recipient, who is the petitioner. The burden is passed with the money to her. The obvious intention was that the tax was to be paid in full. If, under this statute, a man is able to escape payment of taxes both by himself and divorced wife upon

---

1. Brushaber v. Union Pacific Railroad Company, 240 U.S. 1, 18, 36 S.Ct. 236, 60 L.Ed. 493.

2. Quoted from Mahana v. United States, 88 F.Supp. 285, 288, 115 Ct.Cl. 716, certiorari denied 339 U.S. 978, 70 S.Ct. 1023,

94 L.Ed. 1383, rehearing denied 340 U.S. 847, 71 S.Ct. 14.

3. Pearce v. Commissioner of Internal Revenue, 315 U.S. 543, 62 S.Ct. 754, 86 L. Ed. 1016; Laughlin's Estate v. Commissioner of Internal Revenue, 9 Cir., 167 F.2d 828; Mahana v. United States, supra.

682

portions of his income paid as alimony, only the government is the loser.

However, petitioner contends that Sections 22(k) and 171, 26 U.S.C.A. §§ 22(k), 171, do not apply because of the agreement made between the trustees and executors of Fairbanks' estate and herself, whereby the payments to her were stabilized. The Tax Court construed this agreement as a supplement to and not a substitute for the original agreement. The text of the instrument, construed in the light of the circumstances under which it was entered, convinces the Court that this construction is correct.

It is a part of the above contention that taxpayer surrendered a claim under the original agreement and accepted a new agreement with the trustees and executors by way of novation. Therefore, she claims she must receive approximately $100,000.00 as the price of the surrendered agreement. The Tax Court found as a question of fact that there was no surrender and no novation. This ruling is sound and the facts and the text of the document support the finding.

The judgment of the Tax Court is affirmed.