DAISY M. TWINAM, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 37530.   Filed April 22, 1954.

*Robert N. Chambliss, Esq.*, for the petitioner.
*S. Earl Heilman, Esq.*, for the respondent.

84

OPINION.

BRUCE, *Judge:* The principal issue raised by the petitioner is the constitutionality of section 22 (k) of the Internal Revenue Code.[1]

---

[1] SEC. 22. GROSS INCOME.

(k) ALIMONY, ETC., INCOME.—In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband. This subsection shall not apply to that part of any such periodic payment which the terms of the decree or written instrument fix, in terms of an amount of money or a portion of the payment, as a sum which is payable for the support of minor children of such husband. In case any such periodic payment is less than the amount

Petitioner makes the following argument: Congressional power to impose the tax without apportionment can not be found outside the Sixteenth Amendment to the Constitution. Under the Sixteenth Amendment Congress has the "power to lay and collect taxes on incomes, from whatever source derived, without apportionment * * *." But, to be taxable it must be income, and "Congress cannot by any definition it may adopt conclude the matter * * *" as to what is income. *Eisner* v. *Macomber*, 252 U. S. 189, 206. The revenue acts in defining income have used almost the exact language of the Constitution and the Supreme Court has held that it was the "intent of the Congress 'to use its power to the full extent.' *Irwin* v. *Gavit*, 268 U. S. 161, 45 S. Ct. 475, 476, 69 L. Ed. 897; *Helvering* v. *Stockholms Enskilda Bank*, 293 U. S. 84, 89, 55 S. Ct. 50, 79 L. Ed. 211." *Douglas* v. *Willcuts*, 296 U. S. 1, 9; *Eisner* v. *Macomber, supra* (252 U. S. at p. 203); *C. A. Hawkins*, 6 B. T. A. 1023; Mertens, The Law of Federal Income Taxation, sec. 5.01. The Supreme Court held in *Gould* v. *Gould*, 245 U. S. 151, that alimony was not income to the wife within the meaning of the Revenue Act of 1913, but is paid in discharge of the general obligation to support, which is made specific by the decree. *Douglas* v. *Willcuts, supra; Hopkins* v. *Commissioner*, (C. A. 6) 144 F. 2d 683, 690, on remand 5 T. C. 803, affd. 157 F. 2d 679, certiorari denied 331 U. S. 838; *Mary R. Spencer*, 20 B. T. A. 58. Accordingly, petitioner concluded that alimony received by her was not income within the meaning of the Sixteenth Amendment and that the tax imposed thereon is unconstitutional. *Douglas* v. *Willcuts, supra; Buck* v. *McLaughlin*, (C. A. 9) 48 F. 2d 135, 137; Mertens, *supra*, sec. 5.23.

This is the first case in which the constitutionality of section 22 (k) has been properly challenged in this Court. Cf. *Muriel Dodge Neeman*, 13 T. C. 397; *Helen Scott Fairbanks*, 15 T. C. 62; *Antoinette L. Holahan*, 21 T. C. 451. However, the Court of Claims, in *Mahana* v. *United States*, 115 Ct. Cl. 716, 116 Ct. Cl. 894, 88 F.

---

specified in the decree or written instrument, for the purpose of applying the preceding sentence, such payment to the extent of such sum payable for such support, shall be considered a payment for such support. Installment payments discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree or instrument shall not be considered periodic payments for the purposes of this subsection; except that an installment payment shall be considered a periodic payment for the purposes of this subsection if such principal sum, by the terms of the decree or instrument, may be or is to be paid within a period ending more than 10 years from the date of such decree or instrument, but only to the extent that such installment payment for the taxable year of the wife (or if more than one such installment payment for such taxable year is received during such taxable year, the aggregate of such installment payments) does not exceed 10 per centum of such principal sum. For the purposes of the preceding sentence, the portion of a payment of the principal sum which is allocable to a period after the taxable year of the wife in which it is received shall be considered an installment payment for the taxable year in which it is received. (In cases where such periodic payments are attributable to property of an estate or property held in trust, see section 171 (b).

Supp. 285, certiorari denied 339 U. S. 978, rehearing denied 340 U. S. 847, and the Court of Appeals for the Ninth Circuit in *Fairbanks* v. *Commissioner*, 191 F. 2d 680, certiorari denied 343 U. S. 915, rejected the argument advanced by petitioner and upheld the constitutionality of section 22 (k). Both courts held that in the cases cited above the Supreme Court was interpreting the applicable revenue act and was not deciding the meaning of the word "incomes" as used in the Sixteenth Amendment. This holding is substantiated by the language of *Gould* v. *Gould*, *supra*, wherein the Supreme Court stated that for alimony to be taxable it must fall within "the clear import of the language used" in the statute.

The decisions of the Court of Claims and the Court of Appeals for the Ninth Circuit in the *Mahana* and *Fairbanks* cases, *supra*, in both of which substantially the same arguments were presented as are presented herein and in both of which the Supreme Court denied certiorari, would normally be considered sufficient authority for a similar conclusion by this Court. We think, however, there are reasons in addition to those discussed therein why the alimony payments involved herein should be considered as income of the petitioner under the Sixteenth Amendment.

In *Eisner* v. *Macomber*, *supra* (252 U. S. at p. 203), the Supreme Court, in defining income, stated that "Congress intended * * * to exert its powers to the extent permitted by the Amendment," thus impliedly overruling the strict rule of construction held applicable in the *Gould* case and raising serious doubts as to the correctness of the ultimate holding in the *Gould* case that alimony was not income within the meaning of the 1913 Revenue Act.

When *Douglas* v. *Willcuts*, *supra*, was decided in 1935, the *Gould* case had stood for 18 years without an attempt on the part of Congress to change the ruling by legislation. This implied acquiescence on the part of Congress in the limitation imposed upon its statutory definition of income. Therefore, when Chief Justice Hughes, citing the *Gould* case, stated in the *Douglas* case, *supra*, at p. 8, that alimony payments "are not regarded as income of the wife," he was not holding that they could not be regarded as income of the wife under the Sixteenth Amendment. True, in the following paragraph the Supreme Court reaffirmed its ruling that in defining income Congress intended " 'to use its power to the full extent' ", citing *Irwin* v. *Gavit*, *supra*. But it is manifest that the Court was not reexamining its holding in the *Gould* case in the light of its changed position with respect to use of the word "income" in the revenue act. Thus we do not think that the Supreme Court has foreclosed the question.

We find it unnecessary, however, to decide whether the receipt of alimony by the wife is income per se within the meaning of the Six-

88

teenth Amendment. It is immaterial whether or not section 22 (k) might be applied in a manner which would render the tax unconstitutional. Under section 3803 of the Internal Revenue Code [2] we need only decide whether the tax was invalid as imposed upon petitioner. Cf. *Ratherman* v. *Western Union Telegraph Co.*, 127 U. S. 411; *Dorchy* v. *Kansas*, 264 U. S. 286.

The primary purpose of sections 22 (k), 23 (u), and 171 is clear upon reading either the statute or its legislative history. As stated by the Senate Finance Committee (Rept. No. 1631, 77th Cong., 2d Sess., p. 83) : [3]

These amendments are intended to treat such payments as income to the spouse actually receiving or actually entitled to receive them and to relieve the other spouse from the tax burden upon whatever part of the amount of such payments is under the present law includible in his gross income. * * *

Thus, where the alimony payments do not exceed the husband's earnings, Congress, for the purpose of actually levying the tax, intended to treat the husband's earnings to the extent of the payments as the income of the wife and not that of the husband. The tax was so applied in the instant case. Under section 22 (k) the payments received by petitioner were taxable to her, and, in accordance with the provisions of sections 23 (u) and 171 (b), the full amount of the payments was deducted by her husband or his estate.

The issue presented for decision is whether Congress has the power to tax the wife rather than the husband upon that portion of the husband's earnings which is actually received by the wife. The payments should be treated as having been made out of earnings where the full amount thereof was deducted by the husband in computing his taxable income. Considering the fungible nature of money, this does not create an unwarranted fiction. In *Audubon* v. *Shufeldt*, 181 U. S. 575, 577, 578, the Supreme Court, observing that alimony arises, not from any business transaction, but from *the relation of marriage* and is founded, not on a contract, but on *the natural and legal duty of the husband to support his wife*, made specific by court decree, stated:

Permanent alimony is regarded rather as a portion of the husband's estate to which the wife is equitably entitled, than as strictly a debt; alimony from time to time may be regarded as a portion of his current income or earnings; * * *

It is also immaterial that the husband was relieved from the tax burden upon the payments, otherwise includible in his taxable in-

[2] SEC. 3803. SEPARABILITY CLAUSE.
If any provision of this title, or the application thereof to any person or circumstances, is held invalid, the remainder of the title, and the application of such provisions to other persons or circumstances, shall not be affected thereby.
[3] The report of the House Committee on Ways and Means (Rept. No. 2333, 77th Cong., 2d Sess., pp. 71–72) is in this respect identical.

come, by a deduction under section 23 rather than by an exclusion from gross income under section 22. The Sixteenth Amendment is not concerned with the manner in which earnings are to be reported. It is concerned only with that upon which a tax is actually imposed.

The earnings out of which the payments were made in the instant case were undeniably income. Prior to 1942 the tax would have been imposed upon the husband from whose labor or capital the earnings were derived. Under the Revenue Act of 1942 the earnings to the extent of the payments were treated as the income of the wife who actually received them. While theoretically more correct to impose the tax upon the husband, it is equally correct realistically to impose the tax upon the wife. The Sixteenth Amendment allows Congress "to lay and collect taxes on incomes, from whatever source derived * * *." This certainly gives Congress the power to designate by "statutory formula" whether the husband or the wife shall bear the burden of the taxes on alimony payments where, as indicated in *Audubon* v. *Shufeldt, supra,* the earnings may be regarded as a portion of the current income or earnings of the husband. Cf. *Pearce* v. *Commissioner*, 315 U. S. 543, 547, wherein the Supreme Court indicated that Congress had ample power to devise a statutory formula for the taxation of alimony payments either to the husband or the wife. By sections 22 (k) and 171 of the Internal Revenue Code, Congress exercised that power by taxing the wife in the circumstances prescribed in those sections.

Not only is it more realistic to impose the tax upon the recipient of the earnings, the wife, but it has been judicially determined under somewhat similar circumstances that the earnings were the income of the wife. In *Poe* v. *Seaborn*, 282 U. S. 101, the Supreme Court held that in the community property State of Washington the wife was by operation of the law the owner of one-half the husband's wages and to that extent the wages were taxable as her income although they were retained by her husband, the manager of the community. It is true that in the instant case petitioner did not become the owner of the money until the payments were actually received. But petitioner was entitled to the payments by court decree, and for tax purposes the payments were considered by Congress and were treated by the husband as representing a portion of the husband's earnings.

We find it unnecessary to decide whether the tax would be valid if the husband had no earnings and the payments were made solely out of capital. Nor do we decide whether the earnings could be taxed in the hands of both the husband and the wife, for Congress has not sought to impose such a tax. We hold that as imposed upon petitioner Congress has levied a valid tax on income within the meaning of the Sixteenth Amendment.

Petitioner does not deny that, if section 22 (k) is constitutional, the payments received from J. Courtney Twinam in 1945 and 1946 are includible in her gross income. She contends, however, that the amounts received from his estate in 1946 and 1947 are not taxable to her. We do not agree. Petitioner is clearly a wife described in section 22 (k). Sec. 3797 (a) (17). Section 22 (k) specifically contemplates that the payments might be made by "an estate" and includes a cross reference to section 171 (b).[4] Section 171 (b) provides that a "wife described in section 22 (k) * * * shall be considered as the beneficiary specified in this supplement. A periodic payment under section 22 (k) * * * shall be included in the gross income of the beneficiary * * *." The payments are taxable to petitioner under section 22 (k). Section 171 (b) reaffirms this position, but is important only in determining the taxable year in which the payments are to be included in petitioner's gross income—an issue not here in dispute.

*Estate of Homer Laughlin*, 8 T. C. 33, relied upon by petitioner, was reversed by the Court of Appeals for the Ninth Circuit at 167 F. 2d 828, and has not been followed by this Court in subsequent decisions. *Margaret Izrastzoff*, 15 T. C. 573, affd. (C. A. 2) 193 F. 2d 625, and *Helen Scott Fairbanks*, 15 T. C. 62, affd. (C. A. 9) 191 F. 2d 680, certiorari denied 343 U. S. 915, are controlling.

Respondent has determined an addition to tax under section 291 (a)[5] by reason of petitioner's failure to file a return for the taxable year 1945. The determination is incorrect as petitioner has "shown that such failure is due to reasonable cause and not due to willful neglect." Petitioner was not required to file a return unless the payments received under the decree and separation agreement represented taxable income. She was advised by the attorney who drew the agreement and secured the divorce that the payments were tax-free. To make doubly sure she requested that he consult with an attorney more versed in the law of Federal taxation. This he did, and advised her as before. Relying upon this advice, petitioner came to the reasonable conclusion that she was not required to file a return. "Advice of reputable counsel that a taxpayer was not liable for the tax has been

---

[4] SEC. 171. INCOME OF AN ESTATE OR TRUST IN CASE OF DIVORCE, ETC.

(b) WIFE CONSIDERED A BENEFICIARY.—For the purposes of computing the net income of the estate or trust and the net income of the wife described in section 22 (k) or subsection (a) of this section, such wife shall be considered as the beneficiary specified in this supplement. A periodic payment under section 22 (k) to any part of which the provisions of this supplement are applicable shall be included in the gross income of the beneficiary in the taxable year in which under this supplement such part is required to be included.

[5] SEC. 291. FAILURE TO FILE RETURN.

(a) In case of any failure to make and file return required by this chapter, within the time prescribed by law or prescribed by the Commissioner in pursuance of law, unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the tax: 5 per centum if the failure is for not more than thirty days with an additional 5 per centum for each additional thirty days or fraction thereof during which such failure continues, not exceeding 25 per centum in the aggregate. * * *

held to constitute reasonable cause for failure to file on time where it has been accompanied by other circumstances showing the taxpayer's good faith." *C. R. Lindback Foundation*, 4 T. C. 652, 667, affirmed per curiam (C. A. 3) 150 F. 2d 986. Here petitioner's request that her attorney obtain more expert advice indicates her good faith. Cf. *Cristina deBourbon Patino*, 13 T. C. 816, 826, affd. (C. A. 4) 186 F. 2d 962.

Respondent contends that petitioner has not shown that her attorney conveyed all of the pertinent information to the tax expert whom he consulted, citing *Tarbox Corporation*, 6 T. C. 35, and *Lawrence Block Co.*, 12 T. C. 366. There is no question that petitioner's attorney was cognizant of all the pertinent facts. A client may certainly rely upon her attorney to convey such facts as are necessary to an attorney consulted by him. It is the conduct of petitioner, not that of her attorney, which is in question. Under the circumstances, petitioner's failure to file a return was due to reasonable cause and not to willful neglect.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

TURNER and TIETJENS, *JJ.*, concur in the result:

———

MURDOCK, *J.*, dissenting: Congress, in the sections of the Code applicable hereto, has provided that earnings of the divorced husband, which he must report as a part of his gross income, are income a second time when paid to the divorced wife even though no earning- or profit-creating transaction or circumstance has intervened to make them income a second time. That does not seem feasible. Furthermore, the language used would make the payments income to the divorced wife even though the former husband necessarily paid them out of his capital. That is also difficult to understand.