SHIRLEY H. COOPER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cooper v. Commissioner
Docket No. 5695-75
United States Tax Court
T.C. Memo 1976-326; 1976 Tax Ct. Memo LEXIS 77; 35 T.C.M. (CCH) 1478; T.C.M. (RIA) 760326; October 26, 1976, Filed Harold J. Boreanaz, for the petitioner. Louis J. Zeller, Jr., for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined deficiencies in petitioner's Federal income tax for the calendar years 1971 and 1972 in the amounts of $1,741.44 and $2,431.60, respectively, and additions to tax under section 6651(a), I.R.C. 1954, [1] for failure to timely file returns in the respective amounts of $435.36 and $607.90. Respondent also determined additions to tax under section 6654(a) for underpayment of estimated tax in the amounts of $55.39 and $77.79 for the calendar *78 years 1971 and 1972, but on brief conceded that there is no addition to tax under section 6654(a) for the calendar year 1971. Since petitioner at the trial conceded that $10,500 of the payments she received in 1971 and the $13,000 of payments she received in 1972 from her husband are properly taxable to her and respondent has conceded that $1,500 of the payments she received in 1971 is not includable in her income, the issues remaining for our decision are (1) whether there was reasonable cause for petitioner's failure to file Federal income tax returns for the calendar years 1971 and 1972, and (2) whether respondent properly determined an addition to petitioner's tax for the calendar year 1972 under section 6654(a) for underpayment of estimated tax. FINDINGS OF FACT
Some of the facts have been stipulated and are found accordingly. Petitioner resided in Amherst, New York at the time her petition in this case was filed Petitioner and her husband, Irving Cooper, filed a joint Federal income tax return for the calendar year 1970 with the North-Atlantic Service Center, Andover, *79 Massachusetts. Petitioner did not file Federal income tax returns for either of the years 1971 or 1972. On May 25, 1970, petitioner commenced an action for a judicial separation from her husband in the New York Supreme Court, Erie County. On March 2, 1971, the New York Supre Court, Erie County, issued an order granting petitioner alimony pendentelite. This order provided, insofar as here pertinent, as follows: NOW, on motion of * * *, Attorney for plaintiff [petitioner], it is hereby ORDERED, that defendant [petitioner's husband] pay to the plaintiff, the sum of One thousand five hundred dollars ($1,500.00), and the sum of Two hundred fifty dollars ($250.00) each and every week, as and for alimony pending the trial of this action, said payment to commence immediately, * * * Pursuant to the order of the New York Supreme Court, Erie County, petitioner received a lump sum payment of $1,500 from her husband and in addition received $10,500 in 42 weekly payments of $250 each during 1971. During 1972 petitioner received $13,000 in 52 weekly payments of $250 each pursuant to the order of the New York Supreme Court, Erie County. On August 29, 1973, petitioner amended *80 her complaint in the action in the New York Supreme Court, Erie County, for a judicial separation to include a cause of action for divorce, and on January 4, 1974, petitioner was awarded a judgment of divorce. Petitioner knew that alimony was taxable and that when she received a judicial separation or divorce she would be required to pay tax on alimony payments received from her husband. However, even though she saw the order of the Court of March 2, 1971, she did not know that the $250 payments she received every week from her husband under that order were taxable to her as alimony payments. Petitioner did not ask her attorney whether the $250 per month payments she received from her husband under the order of March 2, 1971, were taxable to her, and at the time of the order she did not ask her husband whether the payments would be taxable to her since at that time she and her husband were not speaking to each other. Respondent in his notice of deficiency determined that the payments petitioner received from her husband in 1971 and 1972 were taxable income to her, and also determined additions to tax for failure to timely file returns and for underpayment of estimated tax. *81 OPINION Section 6651(a) provides for an addition to tax for failure to file a timely return unless the taxpayer can show that such failure was due to reasonable cause and not due to willful neglect. Section 301.6651-1(c)(1), Income Tax Regs., provides in part as follows: If the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time, then the delay is due to a reasonable cause. * * * There have been numerous cases dealing with whether taxpayers have shown reasonable cause for failure to file returns. For example, it has been held that where a taxpayer failed to file a return in reliance on the advice of a lawyer or a certified public accountant reasonable cause has been shown. See May T. Hrobon,41 T.C. 476 (1964); and Daisy M. Twinam,22 T.C. 83, 90-91 (1954). In our view petitioner has not show reasonable cause for failure to file income tax returns for the years 1971 and 1972. It has long been held that mere ignorance of the necessity of filing a return or even an honest belief by a taxpayer that he is not required to file a return is insufficient to constitute *82 reasonable cause for failure to file. William E. Adams,46 T.C. 352, 363 (1966), and cases there cited. In the instant case the decree requiring the payments was obtained for petitioner by a lawyer. Petitioner saw the decree of the Court but did not inquire of her lawyer whether the payments she would receive were taxable to her. The facts clearly do not support reasonable cause on the part of petitioner for failure to file returns for the years here in issue. At the trial questions were asked of petitioner in an effort to ascertain whether she thought she was filing joint returns with her husband during the years 1971 and 1972. However, her testimony was that she did not pay any attention to whether joint returns were filed and, in substance, she testified that her failure to file returns was not because she thought that she was filing joint returns with her husband during the years 1971 and 1972.
Section 6654(a) provides for an addition to tax for underpayment of estimated tax with certain exceptions not here relevant. The provisions of this section are mandatory when there has been an underpayment of estimated tax and existence of any extenuating circumstances *83 for the underpayment is irrelevant. Estate of Barney Ruben,33 T.C. 1071 (1960).
On the basis of the record in this case, we sustain respondent's determination of additions to tax under section 6651(a) for each of the years 1971 and 1972 and addition to tax under section 6654(a) for the year 1972. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, unless otherwise indicated.↩