EDWARD J. LEDOGAR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ledogar v. Commissioner
Docket No. 21875-80.
United States Tax Court
T.C. Memo 1981-498; 1981 Tax Ct. Memo LEXIS 250; 42 T.C.M. (CCH) 1045; T.C.M. (RIA) 81498; September 10, 1981. Edward J. Ledogar, pro se. Michael E. Shaff, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Chief Judge: Respondent determined deficiencies in petitioner's Federal income tax for 1976 and 1977 of $ 738.90 and $ 1,392.28, respectively. He has moved for summary judgment pursuant to Rule 121, Tax Court Rules of Practice and Procedure. The sole issue presented *251 is the constitutionality of the minimum tax imposed by section 56 [1] as it affects proceeds received in 1976 and 1977 from an installment sale in an earlier year. Petitioner resided in West Islip, New York, at the time he filed the petition herein. Petitioner contracted in February 1974 to sell a parcel of real estate. The sale was closed in March 1975 and payments began at that time. Petitioner was entitled to, and in fact did, report the capital gain from this transaction on the installment method under section 453. He did not, however, include such capital gain in his computation of the minimum tax for either 1976 or 1977. The deficiencies asserted by respondent result directly from the application to the gain from the sale in question of the changes in exemption and rate of minimum tax contained in section 56, as amended by section 301(a) of the Tax Reform Act of 1976, Pub. L. 94-455, 90 Stat, 1549. Petitioner contends that these changes cannot, under the due process clause of the Fifth Amendment, constitutionally be applied to his 1976 and 1977 gains *252 attributable to that sale because those gains arose from a transaction which took place in a year prior to the year in which the changes in section 56 were enacted. He recognizes that the present issue involved herein was decided by this Court adversely to the taxpayer in Estate of Kearns v. Commissioner, 73 T.C. 1223 (1980). Petitioner's contentions are that: (1) Kearns was decided before the Supreme Court decided United States v. Darusmont, 449 U.S. 292 (1981); (2) the opinion in Darusmont speaks in narrow terms, indicating only that the 1976 changes could constitutionally be applied to gains from transactions entered into prior to the enactment of the changes but in the same taxable year, to wit, 1976, and that the clear inference from Darusmont is that any attempt to apply the changes to transactions antedating 1976 would be unconstitutional; (3) the case relied upon in reaching this Court's decision in Kearns is distinguishable (as are other comparable cases) and, in light of this fact and what petitioner claims to be a proper reading of Darusmont, Kearns was incorrectly decided and should no longer be followed. We *253 reject all of petitioner's arguments. In the first place, although we agree that the facts in Darusmont were more confined than those involved herein, we do not think the thrust of the Supreme Court's opinion was as restricted as petitioner contends, much less that it implied that any attempt to apply the 1976 changes to pre-1976 transactions would be unconstitutional. Petitioner's contention to the contrary is belied by the Supreme Court's reliance on Welch v. Henry, 305 U.S. 134 (1938), in which the application of a 1935 change in a Wisconsin tax to 1933 income was held constitutional, and its citing with approval language in Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930), stating, among other things, that "[n]obody has a vested right in the rate of taxation" (see 39 F.2d at 545. Nor do we agree with petitioner that our reliance in Kearns on Snell v. Commissioner, 97 F.2d 891, 893 (5th Cir. 1938), affg. a Memorandum Opinion of this Court, was misplaced. Snell held that, when a taxpayer elects the installment method of reporting in order to defer the recognition of gain, the income is taxes according *254 to the provisions in effect during the years of recognition. Snell has been followed by this and other courts on numerous occasions, e.g., Sirbo Holdings, Inc. v. Commissioner, 476 F.2d 981, 988 (2d Cir. 1973), vacg. and remg. and other grounds 57 T.C. 530 (1972); Murray v. United States, 192 Ct. Cl. 63, 426 F.2d 376, 381 (1970); Picchione v. Commissioner, 440 F.2d 170 (1st Cir. 1971), affg. 54 T.C. 1490 (1970); Klein v. Commissioner, 42 T.C. 1000, 1004-1005 (1964). [2] Petitioner attempts to distinguish Snell and its progeny on the ground that they involved changes in the tax law relating to the character of the income (from capital gain to ordinary income), whereas in this case the capital gain deduction exemption was reduced. This is a distinction without a difference. *255 In short, we reaffirm Estate of Kearns v. Commissioner, supra, [3] and hold that the 1976 changes in section 56 are applicable to the payments received by petitioner herein in 1976 and 1977. Accordingly, the motion for summary judgment will be granted and Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code, as amended and in effect during the years in issue.↩
2. See also Whitmore v. Commissioner, T.C. Memo. 1965-121, involving the changed tax consequences under the 1954 Code as applied to payments under an 1881 agreement. Compare the situation which flowed from the provisions in the Revenue Act of 1942 taxing alimony payments to the wife which had previously been nontaxable to her. Although the constitutionality of this change was challenged, it was not predicated on any argument based on retroactivity. See Twinam v. Commissioner, 22 T.C. 83 (1954), and cases discussed therein. See also Neeman v. Commissioner, 26 T.C. 864 (1956), affd. per curiam 255 F.2d 841 (2d Cir. 1958); Shomaker v. Commissioner, 38 T.C. 192↩ (1962).
3. See also Cook v. Commissioner, T.C. Memo. 1981-488; Hensel v. Commissioner, T.C. Memo. 1981-472↩.