**LUCKENBACH v. PEDRICK.**
**No. 237, Docket 23028.**

United States Court of Appeals, Second Circuit.

Argued June 9, 1954.

Decided Aug. 11, 1954.

Gainsburg, Gottlieb, Levitan & Cole, New York City, Milton Levitan and Walter P. Arenwald, New York City, of counsel, for plaintiff-appellant.

J. Edward Lumbard, U. S. Atty., New York City, Arthur S. Ecker, Asst. U. S. Atty., New York City, of counsel, for defendant-appellee.

Before CHASE, Chief Judge, and FRANK and HINCKS, Circuit Judges.

CHASE, Chief Judge.

The issues presented on this appeal are whether monthly payments made to a divorced wife in the years 1942, 1943, 1944, 1945 and 1946, by the guarantor of her husband's obligations in a separation agreement, which was incorporated in a decree of divorce, are taxable as income to her either under Section 22(k) or Section 22(a) of the Internal Revenue Code, 26 U.S.C.A. § 22(a, k).

The appellant was granted a decree of divorce from her husband, Lewis Luckenbach, on December 8, 1930, by the New York Supreme Court. The spouses had, on July 23, 1930, executed a written separation agreement which they desired to have, and which was, incorporated into the decree. The provisions of the agreement need not now be stated except that alimony was made payable by the husband to the appellant in monthly installments. His performance of the agreement was to be, and was, guaranteed until July 19, 1933 by two bonds of a surety company.

On the same day the separation agreement was executed, the appellant and Edgar F. Luckenbach, her husband's father, signed what is referred to as the "Agreement of Guarantee" under which the payments here involved were made.

It was not to become effective until July 19, 1933, when the surety bonds expired, and was a guarantee of the performance thereafter of Lewis Luckenbach's continuing obligations under the separation agreement.

Nevertheless, Edgar F. Luckenbach did begin in August 1930 to make monthly payments to the appellant which his son had agreed to make. They were made until December 31, 1936, by checks drawn to her order by a corporation he controlled and the payments were charged to him on the corporation's books. From January 1937 to the date of his death on April 26, 1943, they were made by means of the corporation's checks drawn to his order and endorsed by him to the appellant. These checks were charged on the corporation's books to the "Lewis Luckenbach Loan Account." From April 26, 1943, to December 31, 1946, the corporation drew the checks payable to the order of the appellant, as directed by the executor of the estate of Edgar F. Luckenbach, and they were charged on its books to the "Lewis Luckenbach Loan Account" and sent to the appellant with covering letters stating that they were for the payment "of alimony as heretofore arranged."

Lewis Luckenbach himself made none of the payments on which the appellant paid the taxes she is seeking to recover, nor did he reimburse either the corporation, his father or his father's estate for any of them.

After subdivisions (k) of Section 22, I.R.C. and (u) of Section 23, I.R.C., 26 U.S.C.A. §§ 22(k), 23(u), became effective in 1942, Edgar F. Luckenbach took deductions under (u) in his 1942 income tax return for payments made the appellant in that year but they were disallowed on the ground that they were alimony payments not deductible because not paid by the obligor spouse.

Thereafter the appellant paid the defendant collector income taxes on the payments made to her as above stated for the years 1942 to 1946 inclusive and after timely claims for refund were unsatisfied brought this suit. It was held

that the payments were taxable to the appellant under Section 22(k), I.R.C. as periodic payments received subsequent to the divorce decree in discharge of a legal obligation imposed on the husband by a written instrument incident to the decree. Her tax liability under Section 22(a) was left undecided.

The contentions of the appellant are (1) that since none of the payments were made by her former husband and, consequently, no deduction can be taken for them by the payor under subdivision (u) of Section 23 they are not taxable to her under subdivision (k) of Section 22; and (2) that they were not made in discharge of her husband's obligation to pay alimony but to pay the personal obligations of Edgar F. Luckenbach under his agreement with her called the "Agreement of Guarantee."

In order to understand her position in (2), additional facts must be stated.

When the appellant brought her suit for divorce her husband could not be found within the state and service upon him was by publication. Thereafter she was appointed receiver in sequestration by the divorce court and took possession of the home in Sands Point, Long Island, in which she had previously lived with her husband. It was known as the Fraser Estate, and what she took over included the land, buildings, and household furnishings. She also took possession of the furnishings in an apartment in New York City where her husband had been living. She placed all of these furnishings in storage. Edgar F. Luckenbach claimed the Sands Point real estate and personal property was not owned by the appellant's husband but by himself either individually or through corporations he controlled. He moved unsuccessfully in the sequestration proceedings for the return to him of the personal property seized at Sands Point and later a corporation he controlled moved, also unsuccessfully, in those proceedings for the return of the real estate. Then he brought a suit in replevin against the appellant and the storage company to recover possession of all

the personal property. While this suit was pending, he moved into the Sands Point house with his family and the appellant commenced proceedings to have him adjudged in contempt of the court which had issued the sequestration order. She also began proceedings for his examination to discover whether he, or any of the corporations he controlled, held money or property derived from the estate of her husband's paternal grandfather in which her husband had an interest; and whether Edgar F. Luckenbach held property as trustee under this grandfather's will in which her husband had an interest.

The replevin suit and these examinations were pending when the separation agreement and the guarantee of the husband's obligations were executed on July 23, 1930. The claims of the appellant against Edgar F. Luckenbach and his corporations were then settled and she gave him and his corporations general releases from all of them.

Since at least part of the benefit Edgar F. Luckenbach obtained by the execution of the guarantee agreement was the settlement and discharge of all the claims made by the appellant against him and corporations he controlled, appellant insists that the payments which were made to her, and on which she has paid income taxes, were made in payment for the releases and not to discharge her husband's alimony obligation. So she contends that Section 22(k) is inapplicable. We cannot agree.

It does seem apparent that the guarantor was induced to execute the agreement in part at least to be freed from the appellant's claims and her attempts to enforce them. He did not, however, agree to pay her anything in addition to what her husband was obligated to pay her under the separation agreement which was incorporated in the divorce decree nor did the payments she received include anything but just that. The "Agreement of Guarantee" shows that it was made as part of the over-all settlement which resulted in the separation agreement which was annexed to it "and

made part hereof, and bears even date herewith" and the obligation of the guarantor was "that if default shall at any time be made by Lewis Luckenbach in the payment of any of the sums of money required to be paid by Lewis Luckenbach, as provided for in said agreement, or in the maintenance and the keeping in full force and effect of the policy or policies of insurance as provided for in said agreement, that I will well and truly pay the said sum or sums of money or any arrears thereof that may remain due in consequence of the nonperformance by the said Lewis Luckenbach of the convenants and terms of the said agreement in respect thereto, hereby undertaking and guaranteeing the full and complete performance by the said Lewis Luckenbach of the said terms, covenants and conditions of the said agreement, and hereby waiving any notice of any default or defaults thereunder, \* \* \*" That the payments which were made to the appellant under the "Agreement of Guarantee" did discharge the obligation of Lewis Luckenbach to pay her alimony as provided in the separation agreement is obvious for she could not collect them more than once, nor did she attempt to enforce payment by her former husband. Moreover, the discharge of his liability, if the former husband failed to make the payments, was the express obligation, and the only one, imposed upon the guarantor by the "Agreement of Guarantee."

Since these payments did discharge the obligation of Lewis Luckenbach to pay alimony pursuant to the terms of the separation agreement incorporated in the divorce decree it may be that the guarantor, by subrogation, had a cause of action against him for reimbursement. See Sloat-Darragh Co. v. General Coal Co., 6 Cir., 276 F. 502. But we do not find it necessary to decide that or to determine whether they were, consequently, either includible in the gross income of Lewis for the taxable years in which the payments were made or deductible by him under Section 23(u).

While we agree that subdivisions (k) of Section 22 and (u) of Section 23 evidence an intent by Congress not only to shift the burden of income taxation on alimony payments like these from the husband to the wife but also to give the husband the benefit of a deduction to the extent that he paid them, there is nothing in these subdivisions, or in their legislative history, in so far as we can ascertain, to show that the taxability of the payments to the wife is conditioned upon their being made in such a way that the husband becomes entitled to take deduction for them under (u), or that they be excludable from the gross income of the husband as provided in (k) when they are attributable to property transferred, in trust or otherwise, in discharge of his obligation.

Deduction as allowed in Section 23(u), like deductions generally, is an act of grace on the part of Congress and when, and if, a husband does bring himself within the terms of that statute he may take the benefit of it but whether he does so or not is immaterial on the question of the taxability to the wife of the periodic payments she receives which in all other respects, as these do, fall within the scope of Section 22(k). In other words, if the amounts the wife receives do discharge the liability of the husband imposed in the way contemplated in Section 22(k) the source of those payments is irrelevant in determining the liability of the wife for income taxes on the amounts she receives in discharge of the husband's obligation. Albert R. Gallatin Welsh Trust v. Commissioner, 16 T.C. 1398, affirmed sub nom. Girard Trust Corn Exchange Bank v. Commissioner, 3 Cir., 194 F.2d 708. See also, Daisy M. Twinan v. Commissioner, 22 T.C. 83.

That this was the intent of Congress is shown by the following quotation both from the Report of the House Ways and Means Committee on the 1942 Revenue Bill (1942—2 Cum.Bull. p. 428) and that of the Senate Finance Committee (1942—2 Cum.Bull. p. 568). "The full amount of periodic payments received

**918**

under the circumstances described in Section 22(k) is required to be included in the gross income of the recipient whether such amounts are derived, in whole or in part, from income received or accrued by the source to which such payments are attributable. Thus, it matters not that such payments are attributable to property in trust, to life insurance, endowment or annuity contracts, or to any other interest in property, or are paid directly or indirectly by the obligor husband from his income or capital * * * "

As we hold that the dismissal of the complaint in this suit was without error on the ground that the alimony payments were properly included in appellant's gross income under subdivision (k) of Section 22, I.R.C., we do not reach the alternative issue as to whether, otherwise, the amounts she received would be taxable to her as ordinary income under Section 22(a) as amounts received in payment of the personal liability of Edgar F. Luckenbach arising from the settlement he and she made of her claims against him.

Judgment affirmed.