**Muriel Dodge NEEMAN (Formerly Muriel Dodge), Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 315, Docket 24418.**

United States Court of Appeals
Second Circuit.

Argued May 7, 1958.

Decided May 27, 1958.

Lawrence R. Condon, New York City (Morton C. Fitch, New York City, of counsel), for petitioner-appellant.

Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, L. W. Post, Attys., Department of Justice, Washington, D. C., for Respondent-Appellee.

Before WATERMAN and MOORE, Circuit Judges, and GALSTON, District Judge.

PER CURIAM.

The Tax Court decision is affirmed on the opinion below, 26 T.C. 864.[1]

1. *Publisher's Note.* For convenient reference the opinion of the Tax Court of the United States is set out in this note.

Arundell, Judge: Respondent deter-

mined deficiencies in income tax of $5,-220.70, $4,291.25, $3,833.61, and $1,551.-43 for the calendar years 1945, 1946, 1947, and 1948, respectively.

The issues are (1) whether our decision in Muriel Dodge Neeman, 13 T.C. 397, affirmed per curiam 2 Cir., 200 F. 2d 560, certiorari denied 345 U.S. 956, 73 S.Ct. 938, 97 L.Ed. 1377, bars as a matter of law, by collateral estoppel, consideration of all matters raised in the present controversy and, if not, (2) whether certain alimony payments received by petitioner in each of the taxable years are taxable income to her under section 22(k) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 22(k) and the Sixteenth Amendment, or (3) whether respondent's determination illegally and improperly deprives petitioner of her property without due process of law in violation of the Fifth Amendment to the Constitution, or (4) whether the alimony payments received by petitioner should be excluded from her gross income under section 22(b) (4), Internal Revenue Code of 1939, on the ground that such payments came from the husband's tax-exempt income, which income would retain the status of tax-exempt income in petitioner's hands.

The facts were stipulated. The stipulation is incorporated herein by this reference. Only those facts which are deemed necessary to an understanding of the issues are summarized and set forth below.

Petitioner is an individual residing at Los Gatos, California. The returns for the taxable years involved herein were filed with the then collector of internal revenue for the second district of New York.

On September 28, 1949, this Court decided in Muriel Dodge Neeman, supra, that various sums received by petitioner from Horace E. Dodge (hereinafter sometimes referred to as Dodge) for each of the years 1942 and 1943 in accordance with the provisions contained in agreements of August 4, 1933, and October 23, 1939, and divorce decree of October 26, 1939, constituted income to petitioner pursuant to the provisions of section 22(k) of the Internal Revenue Code of 1939.

This Court in Muriel Dodge Neeman, supra, also found certain facts summarized herein from (a) to (d), as follows:

(a) That petitioner and Dodge were married May 17, 1928.

(b) That petitioner and Dodge entered into an agreement on August 4, 1933,

not incident to any divorce, which provided among other things for the settlement of property rights, for periodic payments by the husband to the wife; that the husband was to pay all United States and State income taxes which petitioner might be required to pay because of such alimony payments; that such provision for payment of taxes by the husband was not binding on respondent and could not prevent him from determining taxes due from petitioner based on such alimony payments.

(c) That petitioner and Dodge entered into another agreement on October 23, 1939, incident to the divorce of October 26, 1939, making certain changes in the original agreement of August 4, 1933, and increasing the payments thereunder and providing for approval of the agreements by the Circuit Court of the County of Wayne in the pending divorce proceeding between the parties.

(d) That the final decree of divorce of petitioner and Dodge, dated October 26, 1939, approved, ratified, and confirmed the above-mentioned agreement of August 4, 1933, as amended by the agreement of October 23, 1939.

Petitioner received from Dodge $15,000 for each of the years 1945, 1946, and 1947 and $8,750 in the year 1948 in accordance with the above-mentioned agreements and divorce decree.

Respondent in determining the deficiencies herein included in petitioner's income the amounts which petitioner received from Dodge on the ground that such amounts represent alimony taxable to petitioner pursuant to section 22(k) of the Internal Revenue Code of 1939.

Dodge filed United States income tax returns for the years 1945 through 1948. The parts of said returns material to this proceeding are set forth in the stipulation of facts at item 9 thereof, and are summarized herein from (a) to (d), as follows:

(a) He had gross taxable income as follows:

| | |
|---|---|
| 1945 | $3,953.43 |
| 1946 | 4,722.00 |
| 1947 | 5,094.41 |
| 1948 | 7,556.55 |

(b) He had deductions in each of said years in excess of his entire gross taxable income, excluding any deductions for alimony paid to his first wife or to his second wife, petitioner.

(c) He paid his first wife alimony of $4,999.92 in each of said years.

(d) He paid petitioner (his second wife) alimony of $15,000 in each of the

years 1945, 1946, and 1947 and $8,750 in the year 1948.

Dodge received distribution from the Anna Dodge Dillman Trust of tax-exempt interest on municipal bonds in the following amounts:

| | |
|---|---|
| 1945 | $146,295.35 |
| 1946 | 145,288.00 |
| 1947 | 145,175.84 |
| 1948 | 145,093.41 |

The specific source of funds used by Dodge to pay alimony to petitioner is unknown.

The parties in the present proceeding are identical with the parties in Muriel Dodge Neeman, supra.

The matters and issues raised in the present proceeding are identical with the matters and issues raised in Muriel Dodge Neeman, supra, except that petitioner in the present proceeding has not alleged that she was a head of family pursuant to section 25(b) (1) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 25(b) (1), and that in the present proceeding petitioner has raised matters and issues to the effect that respondent's determination in the present proceeding violates petitioner's constitutional rights under the Fifth and Sixteenth Amendments to the Constitution of the United States and "violates section 22(b) (4) of the Internal Revenue Code of 1939, the sovereign immunity of the state and political subdivisions thereof, and the constitutional rule of intergovernmental immunity and Sixteenth Amendment to the aforesaid Constitution." (Stipulation, par. 13.)

The facts and legal principles in Muriel Dodge Neeman, supra, are identical to the facts and legal principles in the present proceeding and have remained unchanged, except with respect to the additional facts set forth above with respect to the alimony payments; respondent's determination; taxable income, losses, deductions and exemptions, and nontaxable income of Dodge; and the source of the alimony payments, none of which facts were alleged or proved in Muriel Dodge Neeman, supra; and with respect to petitioner's allegations that raised matters and issues to the effect that respondent's determination in the present proceeding violates petitioner's constitutional rights, no similar matters and issues having been made or raised nor similar legal principles presented in Muriel Dodge Neeman, supra.

We do not agree with respondent that the doctrine of collateral estoppel or estoppel by judgment, as it is often called, bars as a matter of law the considera-

tion of the constitutional questions which were specifically pleaded in the present controversy but which were neither pleaded nor considered by this Court in the prior action. Two relatively recent Supreme Court decisions are conclusive as to this point. See Commissioner v. Sunnen, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898, and United States v. International Building Co., 345 U.S. 502, 73 S.Ct. 807, 97 L.Ed. 1182.

Prior to the enactment of subsection (k) of section 22 and subsection (u) of section 23 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 23(u) by section 120 of the Revenue Act of 1942, payments of alimony were not taxable to the wife nor deductible by the husband. Gould v. Gould, 1917, 245 U.S. 151, 38 S.Ct. 53, 62 L.Ed. 211; Douglas v. Willcuts, 1935, 296 U.S. 1, 56 S.Ct. 59, 80 L.Ed. 3. In enacting section 120 of the Revenue Act of 1942 it was stated in Senate Report No. 1631, 77th Congress, 2d Session (1942–2 C.B. 504, 568), that the new legislation was "to provide in certain cases a new income tax treatment for payments in the nature of, or in lieu of, alimony * * *." It further stated that:

"These amendments are intended to treat such payments as income to the spouse actually receiving or actually entitled to receive them and to relieve the other spouse from the tax burden upon whatever part of the amount of such payments is under the present law includible in his gross income. * * *"

The constitutionality of section 22(k) of the Internal Revenue Code of 1939 has been upheld in at least three cases, namely, Mahana v. United States, 1950, 88 F.Supp. 285, 115 Ct.Cl. 716, certiorari denied 339 U.S. 978, 70 S.Ct. 1023, 94 L.Ed. 1383, rehearing denied 340 U.S. 847, 71 S.Ct. 14, 95 L.Ed. 620; Fairbanks v. Commissioner, 9 Cir., 1951, 191 F.2d 680, certiorari denied 343 U.S. 915, 72 S.Ct. 648, 96 L.Ed. 1330; and Daisy M. Twinam, 1954, 22 T.C. 83. Petitioner contends, however, that these cases are all distinguishable from the instant case for the reason that the stipulated facts here show that Dodge's gross taxable income in each of petitioner's taxable years was less than his deductions, excluding any deduction for alimony, and that by taxing petitioner under section 22(k) and allowing Dodge a deduction under section 23(u), Dodge had not been relieved of any tax burden and that the effect of this "new income tax treatment" in the instant case was to

create an entirely new class of taxable income. In her reply brief petitioner argues that:

"If alimony *per se* is taxable income, although never prior to 1942 had it been so considered by the treasury regulations and rulings and judicial authorities interpreting the income tax law, then there is no reason why the husband should not pay tax when he earns the money and the wife pay tax on the same money when she receives it as alimony. Yet the Senate and House Reports on the 1942 amendments both make clear that no new tax is contemplated by these sections, and that the sole and only purpose of the sections is to transfer the tax burden on certain income from one party to another. No shift can be made, of course, or was intended, if there is no tax burden in the first place, which is the situation in the instant case."

We do not believe the constitutionality of section 22(k) depends upon whether the person paying the alimony had or did not have taxable income with which to pay it. The parties have stipulated that the specific source of funds used by Dodge to pay the amounts to petitioner as alimony "is unknown." From this petitioner argues that since Dodge had no taxable income in excess of the deductions other than the alimony payments, such payments must have been made from either capital or his tax-exempt income. We do not think the source of the payments is material. Luckenbach v. Pedrick, 2 Cir., 1954, 214 F.2d 914; Albert R. Gallatin Welsh Trust, 16 T.C. 1398, affirmed per curiam sub nom. Girard Trust Corn Exchange Bank, Trustee v. Commissioner, 3 Cir., 1952, 194 F.2d 708; S.Rept.No.1631, supra.[1]

We think the test of the constitutionality of section 22(k) is whether alimony is "income" to the recipient within the Sixteenth Amendment. When the Supreme Court in Gould v. Gould, supra, decided that alimony was not income to the wife, it did not purport to decide a constitutional question, "but only a question of the interpretation of the Income Tax Act of 1913." Mahana v. United States, supra [88 F.Sup. 288]. In the Twinam case, supra, we noted that "when Chief Justice Hughes, citing the Gould case, stated in the Douglas case, supra, [296 U.S.] at page 8, [56 S.Ct. 59, 80 L.Ed. 3] that alimony payments 'are not regarded as income of the wife,' he was not holding that they could not be regarded as income of the wife under the Sixteenth Amendment." Congress has now provided in section 22 (k) that periodic payments, such as the ones here in question, *are* "income" to the wife, and this section of the Code, in at least the three cases mentioned above, has been held not to violate the Sixteenth Amendment. We do not think the facts involved in the instant case distinguish it from the Mahana, Fairbanks, and Twinam cases, supra. Petitioner's contentions to the contrary are, therefore, denied.

The Supreme Court, in Heiner v. Donnan, 1932, 285 U.S. 312, 52 S.Ct. 358, 76 L.Ed. 772, has ruled that a taxing statute to be unconstitutional under the Fifth Amendment must be so arbitrary as to amount to a confiscation, or a clear and a gross inequality or injustice. We do not agree with petitioner that under the circumstances of this case the application of section 22(k) is so arbitrary, capricious, and unreasonable in that it violates the due process clause of the Constitution. We likewise hold against petitioner on this point.

Finally, petitioner contends that although the parties have stipulated that the specific source of funds used by *Dodge to pay the amounts of alimony to petitioner "is unknown" we should nevertheless find that the alimony was paid from Dodge's tax-exempt income and that the payments retained such tax-exempt status in petitioner's hands and should, therefore, be excluded from her gross income under section 22(b) (4) of the Internal Revenue Code of 1939. There are several reasons why this contention must fail.* We need only men-

---

[1] The Senate Report further stated that: "The full amount of periodic payments received under the circumstances described in section 22(k) is required to be included in the gross income of the recipient whether such amounts are derived, in whole or in part, from income received or accrued by the source to which such payments are attributable. Thus, it matters not that such payments are attributable to property in trust, to life insurance, endowment, or annuity contracts, or to any other interest in property, or are paid directly or indirectly by the obligor husband from his income or capital. * * *"

tion two. First, petitioner has failed to show that such alimony payments were in fact paid out of tax-exempt income. Without such proof we cannot determine that there was a violation of petitioner's constitutional rights in this respect and accordingly petitioner must bear the misfortune resulting from such failure of proof. Burnet v. Houston, 1931, 283 U.S. 223, 51 S.Ct. 413, 75 L. Ed. 991. Second, we have stated elsewhere in this Opinion that the source of such payments was immaterial. Luckenbach v. Pedrick, supra; Albert R. Gallatin Welsh Trust, supra. The deficiencies determined by respondent are therefore approved. Muriel Dodge Neeman, supra.

Decision will be entered for the respondent.