ARTHUR J. BREWER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 57609. Filed July 31, 1958.

*Nathan Orris Hale, Esq.,* for the petitioner.
*Jack D. Yarbrough, Esq.,* for the respondent.

BRUCE, *Judge:* This proceeding involves a deficiency in income tax of $400 for 1953. The only issue is whether petitioner is entitled to credits for the support of his daughter-in-law and two grandchildren during 1953.

### FINDINGS OF FACT.

Some of the facts are stipulated and are incorporated herein by this eference.

During 1953 petitioner resided in Knoxville, Tennessee. He filed his 1953 income tax return with the district director of internal revenue, Nashville, Tennessee.

On April 17, 1952, petitioner's son Charles M. Brewer was divorced from his wife, Jonnie McNeese Brewer. Set forth below is the pertinent portion of the final divorce decree entered on April 17, 1952, between the complainant, Jonnie McNeese Brewer, and the defendant, Charles M. Brewer, in the Domestic Relations Court of Knox County, Tennessee:

> It is further ordered that the defendant will pay into the registry of the Court or to the complainant the sum of $50.00 on the 1st and 16th of each month hereafter as alimony for the complainant and said minor children. Said payments will begin on May 1, 1952, and will continue on each 16th and 1st of each month thereafter until the further orders of the Court. The complainant is granted as further alimony such community household goods as are now located at the home at 107 Drive 1, Western Heights, Knoxville, Tennessee.

At the time of the filing of the divorce decree Charles and Jonnie had three minor children, Norma, David, and Mary.

Due to illness, Charles earned only $525.76 in 1953 and consequently was unable to make the payments required under the divorce decree. Petitioner knew that his son Charles was required to make the payments specified in the decree and during 1953 made 24 payments in the total amount of $1,140 to the attorney for Jonnie in behalf of his son Charles. These payments were made in 18 installments of $50 each at the time specified in the decree, and in 6 installments of $40 each during the last 3 months in 1953. The installments were reduced to $40 for the last 3 months of the year because one of the minor children had married and petitioner requested and was allowed by his daughter-in-law to reduce the payments to $40.

Petitioner received 24 receipts from Jonnie's attorney for the payments he made during 1953. These receipts were issued in the name of petitioner's son Charles, and on all but four of the receipts it was stated that the payments were for "alimony." Petitioner continued to make payments until sometime in 1955.

Although Charles was aware that petitioner was making the above-mentioned payments, no agreement was ever made between Charles and petitioner for repayment of the expenditures. Charles was not threatened with jail for nonpayment of alimony during 1953. The payments made by petitioner were received by Jonnie and used by her for the support of herself and two of her children, David and Mary. These payments constituted more than one-half of the support of Jonnie and the two children during 1953.

In his 1953 income tax return petitioner claimed exemptions for Jonnie and two children, David and Mary Brewer. Respondent disallowed these exemptions for the taxable year 1953.

The payments made by petitioner were alimony payments in behalf of petitioner's son Charles.

OPINION.

The only issue is whether petitioner is entitled to credits for the support of his daughter-in-law,[1] Jonnie McNeese Brewer, and her two children, David and Mary Brewer, for the taxable year 1953.

Respondent argues that the payments made by petitioner were alimony payments and not payments for support. He contends that the payments made by petitioner were made in his son's behalf pursuant to the divorce decree, and that the fact that petitioner supplied the funds to make the alimony payments should not change the nature of the payments nor the consequence of their treatment for income tax purposes.

Petitioner argues that, in order for payments to qualify as alimony under internal revenue law, the payments must grow out of the marital relationship and be included in or come out of the gross income of the husband. Petitioner argues that if the payments are not a deduction from the gross income of the husband they are not taxable income to the wife. He points out that there is no provision under Tennessee law for the grandfather, petitioner in this case, to pay alimony to his daughter-in-law or grandchildren. He concludes that, since he has given the chief support to his daughter-in-law and grandchildren during 1953, he should be allowed to claim them as dependents for that year.

In response to petitioner's argument, we are not concerned that the wife, Jonnie, may or may not have included the payments in her gross income pursuant to section 22 (k), I. R. C. 1939, or that the husband, Charles, may or may not have deducted the payments pursuant to section 23 (u). We are only concerned with the question of

---

[1] Petitioner's relationship to his son's wife was not changed by her divorce from his son. Regs. 118, sec. 39.25–2 (e). Cf. *Steele* v. *Suwalski,* 75 F. 2d 885.

whether or not petitioner is entitled to the exemptions which he has claimed on his 1953 income tax return.

We are convinced that although petitioner may have felt some responsibility for supporting his grandchildren and his daughter-in-law, with whom he was on good terms, he was prompted to make the payments because of his son's inability to make them. The payments clearly were made in behalf of his son as alimony pursuant to the divorce decree. They were made to the attorney for his daughter-in-law, and were made at the time and in the amounts prescribed in the decree for 9 months of the year. Petitioner reduced the payments to $40 only after receiving permission from Jonnie to do so. Petitioner testified that he knew where to make the payments since the divorce decree "specified when to pay it and who to pay it to." The receipts petitioner received from Jonnie's attorney were issued in the name of his son Charles and all but four were marked for "alimony." The only evidence which contradicts our conclusion that the payments were alimony was petitioner's own testimony that he intended the payments to be for the support of Jonnie and the two children. Petitioner's actions as outlined above outweigh his self-serving testimony. We conclude that petitioner was merely paying an obligation of his son's, and that the payments were in fact alimony payments.

It is to be noted that the divorce decree makes no specific allocation of any part of the alimony payments for the support of the minor children. It is clear that had Charles made the alimony payments himself, he would not have been entitled to claim any exemption for Jonnie since she was no longer his spouse. Sec. 25 (b) (1), I. R. C. 1939. It is also clear that he would not have been entitled to claim dependency exemptions for the support of his two children. The payments involved in this case are of the type includible in the gross income of the divorced wife under section 22 (k). Section 25 (b) (3) provides in part that payments includible in the gross income of the wife under section 22 (k) shall not be considered as payments by her husband for the support of any dependent. This provision in section 25 (b) (3) was applied in Richard P. Prickett, 18 T. C. 872 (1952), a case in which alimony payments made by a divorced husband (pursuant to a divorce decree which did not allocate the payments between alimony and child support) were the principal support of his former wife's four children. This Court said that no part of the payments could be considered as a contribution by the husband for the support of the children, and sustained respondent's disallowance of the exemptions claimed.

We cannot see any justification for petitioner's position in this case. As noted above, petitioner has done nothing more than paid an obli-

gation of his son's. The fact that the payments were not made directly by Charles but by someone in his behalf does not alter the character of the payments or the consequences of their treatment for income tax purposes. Cf. *Luckenbach* v. *Pedrick*, 214 F. 2d 914.

We conclude that petitioner is not entitled to the dependency credits claimed for Jonnie and her two children, David and Mary, for 1953. Accordingly, respondent's determination is sustained.

*Decision will be entered for the respondent.*