**Mary C. ELLIS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 66–365.**

United States District Court W. D. Tennessee, W. D.

March 26, 1968.

Everett B. Gibson, Armstrong, Allen, Braden, Goodman, McBride & Prewitt, Memphis, Tenn., for plaintiff.

Thomas L. Robinson, U. S. Atty., Memphis, Tenn., Hubert M. Doster, Sherin V. Reynolds, Dept. of Justice, Washington, D. C., for defendant.

OPINION

ROBERT M. McRAE, Jr., District Judge.

This is an action for the refund of a portion of Federal Income Taxes paid for the years 1960 through 1962. Both parties have filed motions for summary

judgment based upon undisputed facts in the record.

The question for determination is: Whether a former wife, the beneficiary of an alimony trust, is entitled to a dividend credit and to exclude from her income her prorata share of the tax-exempt income received from the trust for the years involved.

The plaintiff, Mary C. Ellis, and Hayne Ellis, Jr. were married September 25, 1947. On December 17, 1956, plaintiff filed for a divorce and support. On May 7, 1957, plaintiff and her husband entered into a property settlement. On May 8, 1957, the divorce case was heard and plaintiff was granted a divorce. On the same day, Hayne Ellis, Jr. executed a trust agreement with the Northern Trust Company of Illinois, hereinafter called the trustee. The trust agreement directed that the trustee pay to the plaintiff the sum of $12,000.00 annually, plus emergency and cost of living increase allowances. The agreement recites that these payments were "in the discharge of his legal obligation of support and maintenance and alimony (as the case may be) in accordance with the separation and property settlement agreement entered into" between the plaintiff and the settlor of the trust. Any balance of the income of the trust is paid to the settlor during his lifetime. The divorce decree, filed May 29, 1957, referred to and incorporated therein the property settlement agreement which, in turn, incorporated the trust agreement.

During the years in question, 1960–1962, a portion of the trust income consisted of tax-exempt interest from Municipal Bonds and the remainder consisted of dividends subject to the dividend credit allowed during those years. The trustee filed appropriate Fiduciary Returns and notified the plaintiff that the total distributions to her were ordinary income from the trust. The plaintiff contends that her own Income Tax Returns filed upon this information were, in fact, erroneous because she, as the beneficiary of the trust, was entitled to treat it in her hands in the same charac-

ter as they were in the hands of the trustee for the purpose of computing her own income tax. Basically, the question involves an interpretation of conjunctive portions of the Internal Revenue Code set forth in 26 U.S.C. § 71(a) and 26 U.S.C. § 682(b), which provide as follows:

"Sec. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS.

(a) General Rule.—

(1) Decree of divorce or separate maintenance.—If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce separation."

"Sec. 682. INCOME OF AN ESTATE OR TRUST IN CASE OF DIVORCE, ETC.

(b) Wife considered a Beneficiary.— *For purposes of computing* the taxable income of the estate or trust and *the taxable income of a wife to whom subsection (a) or section 71 applies,* such wife shall be considered as the beneficiary specified in *this part.* A periodic payment under section 71 to any portion of which this part applies shall be included in the gross income of the beneficiary in the taxable year in which under this part such portion is required to be included." (Emphasis added.)

The authorities considering the question have ruled that section 71 (former section 22(k) of the 1939 Internal Revenue Code) requires the divorced wife to treat distributions received from a trust as income, even though the source of the distributions was not income to the trust or income from funds of the former

husband. The taxability of the distributions to the wife is determined by answering the question whether or not the payments were made in discharge of a legal obligation imposed on or incurred by the husband under a decree or written instrument incident to divorce or separation. In Girard Trust Corn Exchange Bank, Trustee v. Commissioner of Internal Revenue, 194 F.2d 708 (C.A. 3, 1952) the court affirmed the decision of the Tax Court holding that payments from the corpus of the trust, made to the former wife, must be included in the wife's gross income. That case did not involve the question of continuity of tax-exempt income or dividend credit.

In Luckenbach v. Pedrick, 214 F.2d 914 (C.A.2, 1954) the court held that the former wife must include in her gross income payments received from the father of the husband pursuant to the father's guarantee of the husband's alimony obligation ·imposed by a divorce decree. Neither did that case involve the tax-exempt continuity question.

The Tax Court of the United States has considered the question wherein tax-exempt interest from a trust was paid to the former wife. In Muriel Dodge Neeman v. Commissioner of Internal Revenue, 26 T.C. 864 (1956), the court rejected the argument of the taxpayer that she owed no tax because the source of her payments from a trust were all from tax-exempt interest on Municipal Bonds owned by the trust. However, the primary basis for the court's ruling was that the petitioner "has failed to show that such alimony payments were, in fact, paid out of tax-exempt income."

In Anita Quinby Stewart v. Commissioner of Internal Revenue, 9 T.C. 195 (1947), the court allowed the taxpayer to exclude tax-exempt income because the Internal Revenue Code provided that the wife was the beneficiary of the trust and therefore was entitled to receive her proportionate benefit from the trust's tax-exempt income.

Section 682(b), quoted above, provides that for the purpose of computing the taxable income of a wife under section 71 or section 682(a) of the Internal Revenue Code, the wife shall be considered the beneficiary in "this part." "This part" refers to Part I, entitled "Estates, Trusts and Beneficiaries," of subchapter (J) of the Internal Revenue Code, 1954, 26 U.S.C. § 641 through § 683. "This part" provides that distributions of income from a trustee "shall have the same character in the hands of the beneficiary as in the hands of the trust." 26 U.S.C. §§ 652(b), 662(b).

Treasury Regulation section 1.682(b)–1, also provides that the wife is the beneficiary of the trust for the purpose of application of the part of the Internal·Revenue Code referred to as "this part" in section 682(b).

Senate Report #1631, 77th Congress, 2nd Session (1942), Cum.Bull. 1942–2, 504, at page 569, considers the sections here involved as they appeared in the former code and says that the wife, entitled to receive the payment, is considered as the beneficiary of the trust.

This Court, therefore, concludes that the applicable sections of the Internal Revenue Code entitle the plaintiff in this cause to treat the distributions from the trustee the same as they would be treated in the hands of the trust for the purpose of computing her taxable income. This Court is of the opinion that this determination is not inconsistent with the holdings requiring the wife-beneficiary to report distributions of trust corpus as income. The right of beneficiaries to treat tax-exempt interest earned and distributed by trusts as tax-exempt interest in the hands of the beneficiaries is a specific right created by Part I of subchapter (J) of the Code. This Court is of the opinion that section 682(b) gives this specific right to beneficiaries of section 71 alimony trusts as well as beneficiaries of other type trusts. This is consistent with the treatment afforded former

wives who are beneficiaries of trusts created not in contemplation of or incident to divorce and who are divorced or legally separated subsequent to the creation of the trusts. 26 U.S.C. § 682(a). Admittedly, they may treat those distributions in the same character as they would be treated in the hands of the trust. Treas.Reg. § 1.682.

■ Counsel for the defendant asserts that the trust income distributed to the plaintiff in this case was taxable to her because there has been a specific allocation of classes of income to the different beneficiaries of the trust by virtue of that portion of the property settlement agreement which provides in paragraph 6 as follows:

"The wife understands that the payments under paragraphs 4 and 5, except in any year for which joint tax returns are filed, shall be construed to be income taxable to her."

Sections 652(b) and 662(b) have similar but not identical provisions for the determination of proration of different classes of income. Section 652(b) reads in part as follows:

"Character of amounts.—The amounts specified in subsection (a) shall have the same character in the hands of the beneficiary as in the hands of the trust. For this purpose the amounts shall be treated as consisting of the same proportion of each class of items entering into the computation of distributable net income of the trust as the total of each class bears to the total distributable net income of the trust, unless the terms of the trust specifically allocate different classes of income to different beneficiaries."

This Court is of the opinion that the above quoted portion of the property settlement agreement and the other portions of that agreement and the trust agreement do not amount to a specific allocation of classes of income as contemplated by sections 652 and 662 of the Code and the regulations adopted pursuant thereto.

On the Motion for Summary Judgment of both parties, the Court finds for the plaintiff and directs that an order be entered providing for the refund of income taxes plus interest in an amount which the record reflects her tax will be altered by the exclusion of the tax-exempt interest and the allowance of dividend credit.