Mary C. ELLIS, Plaintiff-Appellee,

v.

UNITED STATES of America, Defendant-Appellant.

No. 19009.

United States Court of Appeals Sixth Circuit.

Oct. 10, 1969.

Jeanine Jacobs, Atty., Dept. of Justice, Washington, D. C., for defendant-appellant; Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Jonathan S. Cohen, Attys., Dept. of Justice, Washington, D. C., on brief; Thomas L. Robinson, U. S. Atty., Memphis, Tenn., of counsel.

Everett B. Gibson, Memphis, Tenn., for plaintiff-appellee; Armstrong, Allen, Braden, Goodman, McBride & Prewitt, Memphis, Tenn., of counsel.

Before WEICK, Chief Judge, and PHILLIPS and EDWARDS, Circuit Judges.

PHILLIPS, Circuit Judge.

The taxpayer in this federal income tax case is a divorced wife who is the beneficiary of an alimony trust established by her former husband. The trust was created pursuant to a property settlement agreement executed contemporaneously with the entering of the divorce decree.

During the years 1960 through 1962 the taxpayer received payments from the trust income. Part of this income was derived from tax-exempt interest from municipal bonds and the remainder of the income consisted of dividends which qualified for a dividend tax credit which was in effect during the tax years in question, but which thereafter has been repealed. Internal Revenue Code of 1954, Ch. 1, § 34, 78 Stat. 31.

■ The question presented on the present appeal is whether the taxpayer is entitled to exclude from her gross income that portion of the trust distribution which is tax-exempt to the trust. The related question is whether the taxpayer is entitled to the dividend credit on that portion of the qualifying dividends distributed to her.

The trustee notified the taxpayer that the total distributions to her during the years in question constituted ordinary income from the trust. Accordingly the taxpayer reported and paid taxes on the total amounts received by her from the trust.

Thereafter the taxpayer filed claim for refund, contending that as beneficiary of the trust she was entitled to exclude from her gross income her pro rata share of the trust distributions which represented tax-exempt income from municipal bonds. She also contended that as a beneficiary she was entitled to the now repealed dividend credit for that portion of her income which was derived from qualifying dividends. After the claim for refund had been disallowed, the present action for refund was filed in the District Court.

In an opinion published at 288 F.Supp. 168, District Judge Robert M. McRae, Jr. granted summary judgment in favor of the taxpayer for the claimed refunds plus interest. The United States appeals. We affirm. Reference is made to the opinion of the District Court for a detailed recitation of the facts, which will not be repeated here.

In making a determination of the taxable character of tax-exempt trust income once it is distributed to the wife-beneficiary in the form of alimony pay-

ments, we are concerned primarily with §§ 71(a) (1) and 682 of the Internal Revenue Code of 1954.[1]

Exclusion of interest from municipal bonds from gross income is authorized by 26 U.S.C. § 103(a) (1). Under this provision income from municipal bonds held in trust is not taxable to the trustee. By virtue of 26 U.S.C. §§ 652(b) and 662(b) the non-taxable character of the interest continues in the hands of the beneficiary when tax-exempt interest is distributed to a beneficiary in the form of trust income. The end result of these statutory provisions is that if income is tax-exempt to the trust, it is tax-exempt to the beneficiary.

It is contended on behalf of the Government that § 71(a) (1) prohibits the taxpayer in the present case from being treated as a beneficiary under the alimony trust for the purpose of availing herself of the tax-exempt character of the amounts distributed to her and the dividend credit. This contention is made notwithstanding the above-quoted language of § 682(b). The Government argues that the latter section refers only to trust accounting principles, that is, for determining the taxable year in which the ex-wife of either a § 682(a) trust or a § 71(a) trust must include the payments to her in her gross income. In essence the Government contends that § 71(a) creates an exception to the standard conduit principles applicable to trust income distributed to beneficiaries as set forth in §§ 652(b) and 662(b). We find nothing in the language of the statutes or in the legislative history to support such an interpretation of § 71(a). A thorough search of the legislative history of these code sections has failed to shed any light upon the congressional intent in regard to the taxability of alimony payments under the fact situation presented on this appeal. See H.R.Rep. 2333, 77th Cong., 2d Sess. 46, 72–73 (1942); S.Rep. 1631, 77th Cong., 2d Sess. 83, 85 (1942) and 88 Cong.Rec. 6377 (1942). We therefore base our conclusion upon the language of the statute, interpreting it in the light of its ordinary meaning and significance. National City Bank

---

1. 26 U.S.C. §§ 71(a) (1) and 682.

§ 71. Alimony and separate maintenance payments

(a) General rule.—

(1) Decree of divorce or separate maintenance.—If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such degree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation.

§ 682. Income of an estate or trust in case of divorce, etc.

(a) Inclusion in gross income of wife.— There shall be included in the gross income of a wife who is divorced or legally separated under a decree of divorce or of separate maintenance (or who is separated from her husband under a written separation agreement) the amount of the income of any trust which such wife is entitled to receive and which, except for this section, would be includible in the gross income of her husband, and such amount shall not, despite any other provision of this subtitle, be includible in the gross income of such husband. This subsection shall not apply to that part of any such income of the trust which the terms of the decree, written separation agreement, or trust instrument fix, in terms of an amount of money or a portion of such income, as a sum which is payable for the support of minor children of such husband. In case such income is less than the amount specified in the decree, agreement, or instrument, for the purpose of applying the preceding sentence, such income, to the extent of such sum payable for such support, shall be considered a payment for such support.

(b) Wife considered a beneficiary.— For purposes of computing the taxable income of the estate or trust and the taxable income of a wife to whom subsection (a) or section 71 applies, such wife shall be considered as the beneficiary specified in this part. A periodic payment under section 71 to any portion of which this part applies shall be included in the gross income of the beneficiary in the taxable year in which under this part such portion is required to be included.

of Cleveland v. United States, 371 F.2d 13, 16 (6th Cir.).

The Government relies upon the accepted proposition that alimony payments made from a § 71(a) alimony trust must be included in the gross income of the wife regardless of whether the payments are from income or corpus of the trust. This was the clear intent of the statute.

"Where the husband's alimony or separate maintenance obligation is discharged through periodic payments attributable to property in trust, life insurance, annuity or endowment contracts, or to any other interest in property, the wife is required to include such payments in gross income, whether they come from income or capital. * * *

"The full amount of periodic payments received under the circumstances described in section 22(k) is required to be included in the gross income of the recipient whether such amounts are derived, in whole or in part, from income received or accrued by the source to which such payments are attributable. Thus, it matters not that such payments are attributable to property in trust, to life insurance, endowment or annuity contracts, or to any other interest in property, or are paid directly or indirectly by the obligor husband from his income or capital." H.R.Rep. 2333, 77th Cong., 2d Sess. 46, 72 (1942). See also S.Rep. 1631, 77th Cong., 2d Sess. 85 (1942).

Bottomed on this proposition, the Government argues that since alimony payments derived from corpus are included in the gross income of the ex-wife, the natural extension of the rule requires that distributions from tax-exempt income likewise are taxable. The answer to this contention is that the Congress has not said that all alimony payments, regardless of their source, are to be included in the gross income of the ex-wife. We decline to extend this statutory provision beyond the language enacted by Congress.

Taxes should be imposed by Congress, and not by the courts. If there is serious doubt as to taxability, as in this case, the doubt should be resolved in favor of the taxpayer. McFeely v. Commissioner of Internal Revenue, 296 U.S. 102, 111, 56 S.Ct. 54, 80 L.Ed. 83; Gellman v. United States, 235 F.2d 87, 93 (8th Cir.). Statutes should be applied as enacted by Congress. Narrow and strained construction should be avoided. Western & Southern Life Insurance Co. v. Huwe, 116 F.2d 1008, 1009 (6th Cir.). The changes in the Internal Revenue laws which the Government proposes here, if desirable, should be accomplished through the Constitutional process for the enactment and amendment of statutes. This is "a matter which we think is the business of Congress, not ours." Commissioner of Internal Revenue v. Brown, 380 U.S. 563, 579, 85 S.Ct. 1162, 1170, 14 L.Ed.2d 75.

In further support of its position the Government cites the case of Neeman v. Commissioner of Internal Revenue, 26 T.C. 864, aff'd per curiam, 255 F.2d 841 (2d Cir.), cert. denied, 358 U.S. 841, 79 S.Ct. 65, 3 L.Ed.2d 75. In Neeman the husband was a beneficiary of a trust which distributed to him tax-exempt interest from municipal bonds. Subsequent to a divorce, the husband made certain alimony payments to his ex-wife from the income he received from the trust. The ex-wife contended that the portions of tax-exempt interest she received in her alimony payments should be excluded from her gross income. In rejecting this contention, the Tax Court said:

"Finally, petitioner contends that although the parties have stipulated that the specific source of funds used by Dodge to pay the amounts of alimony to petitioner 'is unknown' we should nevertheless find that the alimony was paid from Dodge's tax-exempt income and that the payments retained such tax-exempt status in petitioner's hands and should, therefore, be excluded from her gross income under section 22(b) (4) of the Internal

Revenue Code of 1939. There are several reasons why this contention must fail. We need only mention two. First, petitioner has failed to show that such alimony payments were in fact paid out of tax-exempt income. Without such proof we cannot determine that there was a violation of petitioner's constitutional rights in this respect and accordingly petitioner must bear the misfortune resulting from such failure of proof. Burnet v. Houston, 283 U.S. 223 [51 S.Ct. 413, 75 L.Ed. 991] (1931). Second, we have stated elsewhere in this Opinion that the source of such payments was immaterial. Luckenbach v. Pedrick, *supra* [2 Cir., 214 F.2d 914]; Albert R. Gallatin Welsh Trust, *supra* [16 T.C. 1398]." 26 T.C. at 868–869.

The facts in *Neeman* are significantly different from the facts in the present case. The taxpayer in this case is a named beneficiary of a trust set up to pay her alimony. In *Neeman* the ex-wife was not a beneficiary but received her alimony payments directly from her husband who, in turn, was a beneficiary of a trust. Thus *Neeman* was not concerned with the relationship of §§ 652 (b), 662(b), 682(b) and 71(a) (1). In addition the *Neeman* court expressed some concern over the fact that the husband had other fully taxable income and the wife was unable to establish the specific source of the funds from which her alimony payments came. In the present case, the plaintiff was able to establish accurately what part of her payments came from tax-exempt interest and what part came from taxable income. Also *Neeman* was primarily concerned with the constitutionality of § 22(k) of the 1939 Code as amended.[2] To the extent that *Neeman* might be construed to be applicable to the present case in regard to the immateriality of the source of alimony payments, we respectfully decline to follow it.

We agree with the interpretation that the District Judge placed upon § 682(b)

to the effect that the wife shall be considered as the beneficiary "specified in this part" for purposes of computing her taxable income. "[T]his part" refers to Part I, entitled "Estates, Trusts and Beneficiaries," of subchapter J of the Internal Revenue Code of 1954, 26 U.S.C. §§ 641 through 683. "This part" provides that distributions of income from a trustee "shall have the same character in the hands of the beneficiary as in the hands of the trust." 26 U.S.C. §§ 652(b) and 662(b).

We conclude that § 71(a) (1) does not create an exception to the conduit principles pertaining to the beneficiaries of trust income as set forth in §§ 652(b) and 662(b) of the Internal Revenue Code. Accordingly we agree with the opinion of the District Court holding that the taxpayer is entitled to the benefit of the tax-exempt character of the trust income and the dividend tax credit.

Affirmed.

2. Presently § 71 of the 1954 Code.