JEAN C. ROSENBAUM, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rosenbaum v. Commissioner
Docket No. 7584-77.
United States Tax Court
T.C. Memo 1979-221; 1979 Tax Ct. Memo LEXIS 303; 38 T.C.M. (CCH) 889; T.C.M. (RIA) 79221; June 5, 1979, Filed *303 Petitioner was married but living separately from her husband. Held, amounts she received as temporary alimony pursuant to a court order are includable in her gross income. Held further, petitioner's proper filing status was married filing separately. Held further, the Court lacks jurisdiction with respect to petitioner's taxable year 1974. Jean C. Rosenbaum, pro se. Judy Jacobs and Virginia C. Schmid, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: Respondent, on April 12, 1977, issued a statutory notice in which he determined a deficiency in petitioner's Federal income tax for her taxable year ended December 31, 1973 in the amount of $31. The issues presented for our determination are: (1) whether petitioner's 1973 gross income includes the $1,300 she received from her husband as payment of temporary alimony pursuant to a court order, and (2) whether petitioner's *305 proper filing status for that year was married filing separately or single individual. Petitioner also attempts to place her 1974 taxable year in issue. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts, and the exhibits attached thereto, are incorporated herein by this reference. Petitioner, Jean C. Rosenbaum, is a married individual whose legal residence was located in Chicago, Illinois at the time of filing the petition herein. She timely filed a return for the calendar year 1973 on which she reported other income of $1,504.50; $1,475 of this amount was temporary alimony. Petitioner checked her filing status as both "single" and "married filing separately". She computed her tax, however, using the rates for one claiming "single" status. On May 11, 1976 petitioner filed an amended return for her taxable year 1973. On the amended return she again claimed "single" status, decreased her income in the amount of $1,504.50 and claimed a refund of $260.50. Petitioner and Kurt Rosenbaum (hereinafter Rosenbaum) were married in 1948 in Cook County, Illinois. Three children were born of this marriage: Jay (in 1949), Richard *306 (in 1951) and Jody (in 1954). Rosenbaum absented himself from the marital home in 1965. Petitioner and her husband have lived separate and apart from each other since that time. These separate living arrangements were not made by petitioner's choice. In 1969 Rosenbaum filed for a divorce in the Circuit Court of Cook County. The divorce was not granted due to insufficient grounds. In 1971 Rosenbaum filed a partition action with respect to the family home located in Chicago. He again filed a petition for divorce in January of 1972. When Rosenbaum refused to provide support for petitioner, she requested temporary alimony under Illinois Revised Statute Ch. 40 sec. 16 which provides: * * * in every suit for a divorce the wife or the husband when it is just and equitable, shall be entitled to alimony during the pendency of the suit * * *. Pursuant to her request the Circuit Court of Cook County issued an order on November 9, 1972 directing, in pertinent part: That until further order of this Court, the Plaintiff [Kurt Rosenbaum] shall pay unto the Defendant [Jean Rosenbaum] the sum of $25.00 per week as and for temporary alimony. The order was signed on November 20, 1972 and *307 was effective as of either November 9 or November 20, 1972. During petitioner's taxable year 1973 Rosenbaum paid her $1,475 in accordance with the above order. Of this amount $175 represented late payments attributable to 1972 and $1,300 represented payments attributable to 1973. On February 20, 1974 a judgment for divorce was entered in favor of Rosenbaum and his payments under the order ceased. Petitioner immediately appealed the divorce judgment and, after the judgment was reversed and remanded by the Illinois Appellate Court, the complaint for divorce was dismissed on December 1, 1976. Petitioner has never filed for separate maintenance, legal separation or divorce. Petitioner resided in the family home during 1973. She made the home available at all times as a residence for her children. However, the children, of their own volition, resided primarily with Rosenbaum. In the notice of deficiency respondent determined that $1,300 of the amounts received by petitioner from Rosenbaum was includible in her gross income under section 71(a)(3), I.R.C. 1954. Respondent also determined that petitioner's proper filing status was "married filing separately". OPINION *308 Issue 1. Temporary Alimony
Section 71(a)(3) does not require a divorce or legal separation for inclusion of support payments in the recipient spouse's income. Rather it provides that: * * * If a wife is separated from her husband, the wife's gross income includes periodic payments (whether or not made at regular intervals) received by her * * * from her husband under a decree * * * requiring the husband to make the payments for her support or maintenance. This paragraph shall not apply if the husband and wife make a single return jointly. Petitioner received periodic support payments from Rosenbaum pursuant to a court decree, she was living separately from him during the year in issue, and they did not file a single, joint return. Petitioner agrees that under the law, as written, amounts paid her under court decree are includible in her gross income. However, she questions the constitutionality of this portion of the tax code based on her belief, as she views the facts, that a man should not be rewarded financially for deserting his wife. She contends that no wife should be intimidated into divorce by a threat of taxation. She further contends that it is a denial of *309 equal protection to tax a wife for support received pursuant to a court order when no tax accrues to a wife voluntarily supported by her husband. The constitutionality of section 71(a)(3) has been upheld on numerous occasions with respect to possible inequalities or injustices it may cause. E.g. Neeman v. Commissioner,26 T.C. 864, 868 (1956), affd. per curiam 255 F.2d 841 (2d Cir. 1958), 358 U.S. 841 (1958). The effect of the statute is to treat the payor spouse as a conduit for income transferred to the payee spouse. S. Rept. No. 1631, 77th Cong., 2d Sess. (1942), 1942-2, C.B. 504, 568. Voluntary support agreements between separated spouses also effect a transfer of taxability (section 71(a)(2)) while spouses filing a single joint return concurrently pay taxes out of communal funds. While we sympathize with petitioner's predicament, we have no choice but to hold for respondent on this issue. Issue 2. Filing Status
Section 1 provides for the payment of taxes at various rates based on the individual's filing status. The individual's marital status, as defined by section 143, is one factor used to establish filing status. Section *310 143 provides: SEC. 143. DETERMINATION OF MARITAL STATUS. (a) General Rule. -- For purposes of this part and part V-- (1) The determination of whether an individual is married shall be made as of the close of his taxable year, except that if his spouse dies during his taxable year such determination shall be made as of the time of such death, and (2) An individual legally separated from his spouse under a decree of divorce or of separate maintenance shall not be considered as married. (b) Certain Married Individuals Living Apart. -- For purposes of this part and part V, if -- (1) an individual who is married (within the meaning of subsection (a)) and who files a separate return maintains as his home a household which constitutes for more than one-half of the taxable year the principal place of abode of a dependent (A) who (within the meaning of section 152) is a son, stepson, daughter, or stepdaughter of the individual, and (B) with respect to whom such individual is entitled to a deduction for the taxable year under section 151, (2) such individual furnishes over half of the cost of maintaining such household during the taxable year, and (3) during the entire taxable *311 year such individual's spouse is not a member of such household, such individual shall not be considered as married. Petitioner was married as of the close of her taxable year. She was not legally separated from Rosenbaum. She has stipulated that the children principally resided with him. Rosenbaum did not file a joint return with petitioner. Therefore, based on the facts before the Court, petitioner's filing status was married filing separately. Petitioner contends that she provided maintenance and support for her children because, through an oral marriage agreement, one-half of Rosenbaum's provision thereof should be imputed to her. We need not consider this contention because petitioner was not entitled to a section 151 deduction for any or all of her children and, therefore, does not otherwise qualify for application of the section 1(c) tax rates. Again petitioner asserts a constitutional argument. The constitutionality of the rate schedules has been upheld. Barter v. United States,550 F.2d 1239, 1240 (7th Cir. 1977), cert. den. 434 U.S. 1012 (1978). Finally, petitioner argues that application of section 143(b) violates her right to *312 privacy under the Privacy Act of 1954. [1] That act provides that: (b) Conditions of Disclosure. -- No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be -- (1) to those officers and employees of the agency which maintains the record who have a need for the record in the performance of their duties; (2) required under section 552 of this title [5 USCS sec. 552]; (3) for a routine use as defined in subsection (a)(7) of this section and described under subsection (e)(4)(D) of this section; (4) to the Bureau of the Census for purposes of planning or carrying out a census or survey or related activity pursuant to the provisions of title 13; (5) to a recipient who has provided the agency with advance adequate written assurance that the record will be used solely as a statistical research or reporting record, and the record is to be transferred in a form *313 that is not individually identifiable; (6) to the National Archives of the United States as a record which has sufficient historical or other value to warrant its continued preservation by the United States Government, or for evaluation by the Administrator of General Services or his designee to determine whether the record has such value; (7) to another agency or to an instrumentality of any governmental jurisdiction within or under the control of the United States for a civil or criminal law enforcement activity if the activity is authorized by law, and if the head of the agency or instrumentality has made a written request to the agency which maintains the record specifying the particular portion desired and the law enforcement activity for which the record is sought. (8) to a person pursuant to a showing of compelling circumstances affecting the health or safety of an individual if upon such disclosure notification is transmitted to the last known address of such individual; (9) to either House of Congress, or, to the extent of matter within its jurisdiction, any committee or subcommittee thereof, any joint committee of Congress or subcommittee of any such joint committee;
*314 (10) to the Comptroller General, or any of his authorized representatives, in the course of the performance of the duties of the General Accounting Office; or (11) pursuant to the order of a court of competent jurisdiction. Obviously disclosure of marital status to the Internal Revenue Service does not fall within the evils envisioned by Congress in enacting this protection. The relevant disclosure is of a pertinent fact by the individual to a government agency. It is not a disclosure of information with respect to such individual between two government agencies or from a government agency to another individual. This disclosure is nonconfidential in character and is necessary under the Code as written. Issue 3. 1974
On brief petitioner attempts to place her 1974 taxable year in issue. The petition filed with respect to that year was not timely. Therefore, after a hearing held November 7, 1977, we found that we lacked jurisdiction with respect to petitioner's taxable year 1974. Petitioner cites Estate of DiPalma v. Commissioner,71 T.C. 324 (1978) as authority for her position. DiPalma dealt with a negligence penalty for the late filing of *315 a tax return. It is not on point. Filing requirements are set by section 6213(a) and are strictly construed. Block v. Commissioner,2 T.C. 761, 762 (1943). Decision will be entered for the Respondent.
Footnotes
1. 5 U.S.C. sec. 552a↩.